BROWN v GAINEY TRANSPORTATION SERVICES, INC

Docket No. 236683. Submitted March 5, 2003, at Grand Rapids. Decided April 29, 2003, at 9:00 A.M.

Leon V. Brown and Beatrice Brown brought an action against Gainey Transportation Services, Inc., in Kent Circuit Court after the plaintiffs were involved in an automobile accident with a truck owned by the defendant. The matter was submitted to case evaluation, and the panel awarded the plaintiffs $50,000, which the plaintiffs rejected. The case proceeded to trial, where the jury awarded the plaintiffs $20,000. The trial court entered a judgment on January 2, 2001, in favor of the plaintiffs for $30,774.01, which included assessable costs and interest, as well as actual costs as the prevailing party under MCR 2.625. The plaintiffs filed a motion for a new trial, which was later withdrawn. The defendant moved for an order awarding case-evaluation sanctions under MCR 2.403(O)(1), and also sought relief from the judgment to the extent it granted the plaintiffs costs as the prevailing party. The court, H. David Soet, J., denied the defendant's motion, concluding that it had not been filed within twenty-eight days of the judgment, because there was no order either dismissing or denying the motion for a new trial. On July 20, 2001, the court entered an order stating that the motion for a new trial was stricken, set aside, and void. The defendant again moved for case-evaluation sanctions and for relief from the judgment. The trial court again denied the motion, concluding that there had been no actual denial of the motion for a new trial for purposes of MCR 2.403(O)(8). The defendant appealed.

The Court of Appeals *held*:

MCR 2.403(O)(8) provides that a request for case-evaluation sanctions must be filed and served within twenty-eight days after the entry of judgment or entry of an order denying a timely motion for new trial or to set aside the judgment. Consistent with the purpose of the court rule, the term "deny" as used in MCR 2.403(O)(8) encompasses any order that disposes of a motion for new trial without granting the relief requested. Thus, the trial court erred in denying the defendant's motion on the basis that it was untimely, and the order must be reversed.

Reversed and remanded for further proceedings.

COSTS — SANCTIONS — CASE EVALUATION.

Any order disposing of a motion for a new trial that does so without granting that relief constitutes an order denying the motion for a new trial for purposes of the court rule requiring that a request for case-evaluation sanctions must be filed and served within twenty-eight days after the entry of judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment (MCR 2.403[O][8]).

*Eardley Law Offices P.C.* (by *John F. Eardley*) for the plaintiffs.

*Varnum, Riddering, Schmidt & Howlett LLP* (by *Perrin Rynders* and *Charles N. Ash, Jr.*) for the defendant.

Before: WHITBECK, C.J., and CAVANAGH and BANDSTRA, JJ.

BANDSTRA, J. Defendant Gainey Transportation Services, Inc., appeals as of right the trial court's order denying defendant's motion for case-evaluation sanctions and relief from judgment. We reverse and remand.

Following a motor-vehicle accident, plaintiffs Leon V. and Beatrice Brown brought suit against defendant, the owner of a truck that had been involved. The case was submitted to case evaluation in October 1998 and a panel awarded plaintiffs $50,000. This award was rejected by plaintiffs and, following trial, the jury awarded plaintiff $20,000. On January 2, 2001, the trial court entered a judgment in the plaintiffs' favor for $30,774.01, including assessable costs and interest on the verdict from the time of filing the complaint. See MCR 2.403(O)(3). Included in the judgment were actual costs awarded to plaintiffs as the "prevailing party." MCR 2.625; see also MCR 2.403(O)(6).

Following entry of the trial court's judgment, plaintiffs moved for a new trial on January 19, 2001. Defendant filed a brief in opposition to this motion on February 13 and, shortly thereafter, was informed by plaintiffs that the motion for a new trial was being withdrawn. On February 23, defendant moved for an order awarding defendant case-evaluation sanctions for attorney fees and costs, pursuant to MCR 2.403(O)(1). Further, the motion sought relief from the judgment, to the extent that it awarded actual costs to plaintiffs as the prevailing party.

At a hearing held on April 6 the trial court denied defendant's motion, concluding that it had not been filed in a timely manner under the relevant court rule, MCR 2.403(O)(8), which provides that "[a] request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment." The court noted that it had refused to sign an order dismissing plaintiff's motion for a new trial because there had been no stipulation to the dismissal. The court reasoned that, clearly, defendant had not filed its motion for case-evaluation sanctions within twenty-eight days of the January 2 entry of judgment, under the first portion of the rule. Further, the court reasoned that, because there had been no "order denying" plaintiffs' motion for a new trial, the second portion of the rule did not apply.

Defendant's claim of appeal from that decision was dismissed by our Court for lack of jurisdiction in light of the pending motion for a new trial. On July 20, the trial court entered an order stating "said motion is stricken, set aside and void," referring to plaintiffs'

earlier request to withdraw that motion. On July 24, defendant again moved for case-evaluation sanctions and for relief from judgment. Again, the trial court denied this relief.

In so doing, the trial court determined that its order striking, setting aside, and declaring void plaintiffs' motion for a new trial did not constitute a denial for purposes of MCR 2.403(O)(8). The trial court reasoned that it was required to interpret the court rule literally and that "the actual definition of deny is to turn down, or give a negative answer to" a motion. The court noted that, in light of plaintiffs' withdrawal of the motion, it "never even read [the] motion. It was never considered. It was never rejected. And therefore it was never denied." Thus, the trial court concluded that defendant was not entitled to file its motion for case-evaluation sanctions within twenty-eight days of the July 20 order disposing of plaintiffs' motion for a new trial.

We review de novo a trial court's decision whether to grant case-evaluation sanctions. *Braun v York Properties, Inc*, 230 Mich App 138, 149; 583 NW2d 503 (1998). Similarly, interpretation of a court rule presents a question of law that is reviewed de novo on appeal. *Dessart v Burak*, 252 Mich App 490, 494; 652 NW2d 669 (2002).

Court rules are interpreted in accordance with the intent and purpose behind them. *McCroskey, Feldman, Cochrane & Brock, PC v Waters*, 197 Mich App 282, 286; 494 NW2d 826 (1992). Court rules should also be construed in accordance with the ordinary and approved usage of the language. *St George Greek Orthodox Church of Southgate, Michigan v Laupmanis Assoc, PC*, 204 Mich App 278, 282; 514

NW2d 516 (1994). We disagree with the trial court's interpretation of the court rule in light of these considerations.

Because the word "deny" is not defined in the court rules, we may consult a dictionary for guidance. *Richard v McNamee*, 240 Mich App 444, 451; 613 NW2d 366 (2000). Consistent with the trial court's reasoning here, "deny" does have as one of its meanings, "to give negative answer or reply to." Black's Law Dictionary (5th ed). However, "deny" also means "to refuse to grant or accept," suggesting, in this case, that any order that disposes of a motion for a new trial without granting the requested relief would qualify as a "denial." *Id.*

We conclude that this more expansive interpretation of "deny" is more consistent with the intent and purpose of MCR 2.403(O)(8) than is the construction applied by the trial court. Our Court has reasoned that the rule "includes a provision allowing twenty-eight days after the order disposing of a motion for a new trial or to set aside the judgment in which to request sanctions *because these motions may affect whether a party is entitled to the sanctions.*" *Braun, supra* at 150 (emphasis added). In other words, the logic of the rule is that a party should be able to wait to see whether a pending motion for a new trial is granted before incurring the expense and effort of filing a motion for case-evaluation sanctions, all of which would be wasted if a new trial is ordered.

The construction of the rule advanced by plaintiffs and adopted by the trial court would subvert that purpose. A party entitled to case-evaluation sanctions would have to file within twenty-eight days of the judgment in order to protect itself, notwithstanding a

pending motion for a new trial. In effect, this construction would make the portion of the rule setting forth an alternative twenty-eight-day period after resolution of a motion for a new trial a nullity. In reviewing a statute we avoid construing any word in a manner "that would render any part of the statute surplusage or nugatory." *Wickens v Oakwood Healthcare Sys*, 465 Mich 53, 60; 631 NW2d 686 (2001). The same rule applies when interpreting a court rule. *Dessart, supra* at 497.

We hold that, for purposes of the issue presented in this case, any order disposing of a motion for a new trial without granting that relief constitutes "an order denying" such a motion under MCR 2.403(O)(8). Without considering the merits of defendant's motion for case-evaluation sanctions, we reverse the trial court's denial of that motion on the basis that it had not been filed in a timely fashion.

Our conclusion that defendant timely filed its motion under MCR 2.403(O)(8) also disposes of a subsidiary issue on appeal—whether defendant was the "prevailing party" for purposes of assessing actual costs. Although plaintiffs did prevail at trial in the sense that they were awarded a judgment, they are not entitled to actual costs if defendant is entitled to case-evaluation sanctions. MCR 2.403(O)(6); *Forest City Enterprises, Inc v Leemon Oil Co*, 228 Mich App 57, 81; 577 NW2d 150 (1998). If, upon remand, the trial court grants defendant's motion for case-evaluation sanctions, it should also grant defendant relief from the January 2 judgment, to the extent that it awarded plaintiffs actual costs.

We reverse and remand for further proceedings consistent with this opinion. We do not retain jurisdiction.