MEEMIC INSURANCE COMPANY v DTE ENERGY COMPANY

Docket Nos. 295232 and 296102. Submitted April 5, 2011, at Lansing.
Decided April 7, 2011, at 9:05 a.m. Leave to appeal denied, 490
Mich 873.

MEEMIC Insurance Company brought suit in the Mecosta Circuit
Court against DTE Energy Company and Michigan Consolidated
Gas Company on behalf of MEEMIC's insureds, Bradley and
Kimberly Brew. The complaint alleged that defendants' negligence
and breach of contract caused a house fire that originated at the
Brews' home's gas meter. Defendants moved for summary dispo-
sition, relying on the deposition testimony of their investigator,
who opined that the fire likely originated some distance away from
the meter. Plaintiff's response relied on expert testimony and a
report in which its expert stated that the cause of the fire could not
be determined but, because the meter had been destroyed in the
fire, it could not be eliminated as a cause. The court, Scott P.
Hill-Kennedy, J., granted defendants' motion on both counts. The
court also denied plaintiff's motion for reconsideration. Defen-
dants filed a motion for case evaluation sanctions 16 days after
that order entered, which was also 37 days after the entry of
summary disposition. The court found that defendants' motion for
sanctions was not filed within 28 days after the final order and
denied the motion. Plaintiff appealed in Docket No. 295232;
defendants appealed in Docket No. 296102.

The Court of Appeals *held*:

1. A party moving for summary disposition under MCR
2.116(C)(10) has the initial burden of presenting documentary
evidence to support the motion. To survive the motion, the
nonmoving party must then present evidence showing a genuine
issue of material fact exists. Plaintiff's expert's statement that the
meter could not be ruled out as a cause of the fire was insufficient
to create a question of fact relating to the causation of the fire.

2. Under MCR 2.403(O), a party that has rejected a case
evaluation must pay the opposing party's actual costs if the verdict
in the case is more favorable to the opposing party than the case
evaluation, after certain adjustments are made. A verdict includes
a judgment entered as a result of a ruling on a motion after

rejection of the case evaluation. A request for costs under this rule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment. When a trial court has entered a summary disposition order that fully adjudicates the entire action, a party must file and serve its motion for case evaluation sanctions within 28 days after entry of a ruling on a subsequent motion for reconsideration. Defendants filed their motion for case evaluation sanctions 16 days after the court ruled on plaintiff's motion for reconsideration. Therefore, defendants' motion was timely and the court erred when it ruled to the contrary.

Affirmed in part and reversed in part.

PRETRIAL PROCEDURE — CASE EVALUATION SANCTIONS — VERDICTS FOR PURPOSES OF AWARDING CASE EVALUATION SANCTIONS.

When a trial court has entered a summary disposition order that fully adjudicates the entire action and rules on a subsequent motion for reconsideration, the order granting or denying reconsideration is a verdict for purposes of case evaluation sanctions; a party seeking such sanctions must file and serve its motion for costs within 28 days after entry of the ruling on the motion for reconsideration (MCR 2.403[O][1], [2][c]).

*Kreis, Enderle, Hudgins & Borsos, P.C.* (by *Floyd E. Gates, Jr., Sean P. Fitzgerald*, and *James D. Lance*), for plaintiff.

*Lincoln G. Herweyer, P.C.* (by *Lincoln G. Herweyer*), for defendants.

Before: O'CONNELL, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ.

PER CURIAM. These consolidated appeals arise from a fire that engulfed the home of plaintiff's insureds. In Docket No. 295232, plaintiff appeals by right the grant of summary disposition in favor of the defendants, utility companies. We affirm the summary disposition on the ground that plaintiff failed to present sufficient evidence to create an issue of cause in fact. In Docket No. 296102, defendants appeal by right the trial court's

determination that their motion for case evaluation sanctions was untimely. We reverse the trial court's determination and remand for further consideration of the motion for case evaluation sanctions.

On the day of the fire at issue, plaintiff's insured saw smoke and heard a hissing noise near his home. He ran between the house and the garage and found the back of his house engulfed in flames. There was a ball of fire in the location of the gas meter. Plaintiff's experts subsequently opined that the fire originated outside of the house near the gas meter. In contrast, defendants' investigator determined that the fire originated four or five feet west of the meter. Plaintiff sued defendants, alleging negligence and breach of contract claims. The trial court granted summary disposition in favor of defendants on both claims. Plaintiff moved for reconsideration, which the trial court denied. After the trial court denied the motion for reconsideration, defendants filed a motion for case evaluation sanctions under MCR 2.403(O). The trial court found the motion to be untimely.

### I. SUMMARY DISPOSITION — DOCKET NO. 295232

This Court conducts a de novo review of the trial court's decision on summary disposition. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008). A summary disposition motion under MCR 2.116(C)(10) tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Corley v Detroit Bd of Ed*, 470 Mich 274, 278; 681 NW2d 342 (2004). When deciding a summary disposition motion, a court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence in the light most favorable to the opposing party. *Id.*

A plaintiff asserting a negligence claim has the burden of establishing "(1) duty; (2) breach of that duty; (3) causation, both cause in fact and proximate causation; and (4) damages." See *Romain v Frankenmuth Mut Ins Co*, 483 Mich 18, 21-22; 762 NW2d 911 (2009). In the present case, the parties dispute at least two of the elements of plaintiff's negligence claim: whether plaintiff established that defendants had a duty with regard to the gas meter and whether any breach of that duty was the cause in fact of the fire. We need not decide the duty issue because the record demonstrates that, even if defendants had a duty with regard to the meter, plaintiff failed to present sufficient evidence to establish an issue of fact as to whether the meter caused the fire.

Defendants had the initial burden of presenting documentary evidence to support their summary disposition motion. *Coblentz v City of Novi*, 475 Mich 558, 568-569; 719 NW2d 73 (2006). Defendants met this burden by submitting the deposition testimony of their investigator. The investigator testified that the area of the meter had less charring than other areas, which indicated that the fire likely originated some distance from the meter. The investigator further testified that the first material to ignite was probably natural gas emanating from the insured's fuel line.

The burden then shifted to plaintiff to present evidence to establish a genuine issue with regard to whether the gas meter was the cause of the fire. MCR 2.116(G)(4); see also *Coblentz*, 475 Mich at 568-569. The trial court found that plaintiff had failed to present sufficient evidence to create a question of fact, finding that plaintiff's evidence was akin to the evidence our Supreme Court rejected in *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). In *Skinner*, our

Supreme Court explained the plaintiff's burden relating to causation: "causation theories that are mere possibilities or, at most, equally as probable as other theories do not justify denying defendant's motion for summary judgment." *Id.* at 172-173.

We agree with the trial court's well-reasoned opinion. None of the documents submitted by plaintiff confirm the status of the meter either prior to the fire or at the moment the fire originated. Rather, the documents confirm the undisputed fact that the fire destroyed the meter. Similarly, the expert testimony submitted by plaintiff fails to meet the *Skinner* standard. Plaintiff's expert reported that the natural gas meter was destroyed during this fire and could not be eliminated as a cause of the fire. The statement that the meter "could not be eliminated" as a cause of the fire does not allow a factfinder to infer that the meter was the cause in fact of the fire. Instead, a factfinder would have to speculate that the meter caused the fire. As explained in *Skinner*, speculation is insufficient to create an issue of fact. 445 Mich at 172-173; see also *Ghaffari v Turner Constr Co (On Remand)*, 268 Mich App 460, 464-465; 708 NW2d 448 (2005) ("Speculation and conjecture are insufficient to create an issue of material fact."). The expert's deposition testimony does not salvage the equivocation in his report.

Given that plaintiff failed to establish a factual issue regarding cause in fact for the negligence claim, plaintiff also failed to establish sufficient support for the contract claim. To avoid summary disposition on the contract claim, plaintiff had the burden of presenting evidence to establish that the alleged damages were the direct, natural, and proximate result of the alleged breach of contract. *Alan Custom Homes, Inc v Krol*, 256 Mich App 505, 512; 667 NW2d 379 (2003). The trial

court properly granted summary disposition in favor of defendants on both of plaintiff's claims.[1]

## II. CASE EVALUATION SANCTIONS — DOCKET NO. 296102

This Court reviews de novo a trial court's decision to grant case evaluation sanctions. *Peterson v Fertel*, 283 Mich App 232, 235; 770 NW2d 47 (2009). The trial court's decision in this case turned on the interpretation of a court rule, which is a question of law that this Court reviews de novo. *Haliw v Sterling Heights*, 471 Mich 700, 704; 691 NW2d 753 (2005).

MCR 2.403 provides the framework for case evaluation in Michigan. A party that has rejected a case evaluation must pay the opposing party's actual costs if the verdict in the case is more favorable to the opposing party than the case evaluation, after adjustments as described in MCR 2.403(O)(3). See MCR 2.403(O)(1). The recoverable costs include reasonable attorney fees "for services necessitated by the rejection of the case evaluation." MCR 2.403(O)(6).

The following portions of the rule are pertinent to this appeal:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.
>
> (2) For the purpose of this rule "verdict" includes,
>
> (a) a jury verdict,

---

[1] Defendants argue that the trial court erred in admitting the testimony of plaintiff's expert. Because we have affirmed the summary disposition, we need not address defendants' argument.

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

* * *

(8) A request for costs under this subrule must be filed and served within 28 days after the entry of the judgment or entry of an order denying a timely motion for a new trial or to set aside the judgment. [MCR 2.403(O).]

In *Peterson*, 283 Mich App at 237, this Court considered whether a ruling on a medical-malpractice plaintiff's motion for reconsideration, filed before the plaintiff rejected the case evaluation, was a "verdict" for purposes of MCR 2.403. The Court held that the trial court's denial of the motion for reconsideration was a verdict within the meaning of MCR 2.403(O)(2)(c). *Id*. The Court noted that the objective of the plaintiff's motion for reconsideration was "to call attention to the trial court's alleged error in granting the motion for summary disposition, to urge the reversal of that decision, to keep the action alive against the defendants and, at its essence, to continue the litigation toward trial." *Id*. at 238.

In the present case, the case evaluation was held in August 2009. The trial court issued its summary disposition order on October 13, 2009. On November 3, 2009, plaintiff filed a motion for reconsideration of the summary disposition order. The trial court denied plaintiff's motion for reconsideration the following day. Defendants filed their motion for case evaluation sanctions on November 19, 2009, which was 37 days after the entry of summary disposition, but was only 16 days after the trial court denied plaintiff's motion for reconsideration.

The trial court found defendants' motion for sanctions untimely on the ground that a motion for recon-

sideration is not equivalent to a motion for a new trial or to set aside judgment for purposes of the 28-day rule in MCR 2.403(O)(8). We disagree. As the *Peterson* Court indicated, a motion for reconsideration corresponds to a motion for a new trial or to set aside a judgment. Although the three motions have different labels and are used at different procedural points in litigation, all three have the same purpose: to rescind a dispositive ruling or judgment issued by the trial court. See MCR 2.119(F) (motion for reconsideration); MCR 2.610(A) (motion to set aside judgment); MCR 2.611 (motion for new trial). All three motions must be filed within 21 days after the issuance of the ruling or judgment. MCR 2.119(F)(1); MCR 2.610(A)(1); MCR 2.611(B). The 21-day limit on these motions will expire before the 28-day limit on motions for case evaluation sanctions, so a party seeking case evaluation sanctions may elect to hold the motion for sanctions until learning whether the opposing party has filed any dispositive motions. See *Brown v Gainey Transp Servs, Inc*, 256 Mich App 380, 384; 663 NW2d 519 (2003) (the logic of MCR 2.403(O)(8) is to enable a party to await pending dispositive motions after trial).

We hold that when a trial court has entered a summary disposition order that fully adjudicates the entire action, MCR 2.403(O)(8) requires a party to file and serve a motion for case evaluation sanctions within 28 days after entry of a ruling on a motion for reconsideration of the order. Accordingly, we reverse the trial court's finding that defendants' motion for case evaluation sanctions was untimely, and we remand for further consideration of defendants' motion.

We affirm the grant of summary disposition in favor of defendants in Docket No. 295232. We reverse the trial court's denial of case evaluation sanctions in

Docket No. 296102, and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

O'CONNELL, P.J., and K. F. KELLY and RONAYNE KRAUSE, JJ., concurred.