# STATE OF MICHIGAN

# COURT OF APPEALS

JEFFREY GRABER,

　　　　　Plaintiff-Appellant,

v

TERRY ROBERT LINTZ and JUDITH ANN
MENAPACE,

　　　　　Defendants,

and

FARM BUREAU INSURANCE,

　　　　　Defendant-Appellee.

UNPUBLISHED
June 16, 2016

No.　326646
Livingston Circuit Court
LC No.　13-027548-NI

Before:　SAWYER, P.J., and HOEKSTRA and WILDER, JJ.

PER CURIAM.

In this action brought under the no-fault act, MCL 500.3101 *et seq.*, appellant is challenging an order of the circuit court granting summary disposition to appellee Farm Bureau Insurance under MCR 2.116(C)(10) (no genuine issue of material fact).　Appellant appeals as of right,[1] and we affirm.

## I.　FACTS

Appellant testified that he heard a loud noise in the early morning hours of March 31, 2013, and that when he went outside to investigate, he found "a truck sitting on [his] front lawn in front of [his] house."　Defendant Terry Lintz had been driving.　Appellant testified that Lintz "had made some big ruts in the lawn when he came through."　Appellant testified that he told Lintz he was going to go inside and call the police, and that when he returned, Lintz was gone.

---

[1] The final order was a default judgment entered in favor of appellant against defendants Terry Lintz and Judith Menapace in the amount of $500,000.　That judgment is not challenged on appeal.

-1-

As appellant was walking around the truck looking for Lintz, he "tripped on the ruts in the lawn [and] fell into the truck." Appellant stated that his preexisting back injury was aggravated and that he eventually needed surgery.

Appellant alleged that neither Lintz nor the car's owner, Judith Menapace, had automobile insurance. However, appellant was insured under a policy issued by appellee that included an uninsured motorist provision. The relevant portion of the provision states as follows:

> [W]e agree to pay compensatory damages which the Insured is legally entitled to recover from the owner or operator of an uninsured automobile. The damages must result from bodily injury sustained by the insured caused by an accident. The owner's or operator's liability for these damages must arise from the ownership, operation, maintenance, or use of the uninsured automobile as an automobile. . . .

Appellant alleged that appellee is required to pay damages for the injuries he sustained tripping over the ruts left by the truck.

Appellee sought summary disposition under MCR 2.116(C)(10), which the court granted "for the reasons stated on the record." Because of a "hardware/network issue," the relevant hearing was not recorded. An order to settle the record was entered, and the relevant portion of this order states the following:

> On April 29, 2014, the Court only read its opinion into the record. Based upon the legal arguments made in defendant's motion and brief, and relying on the case law contained therein, Court dismissed plaintiff's claims for first party benefits pursuant to statute and uninsured/underinsured motorist claims finding that because the motor vehicle was not being used as a motor vehicle at the time of plaintiff's alleged injuries, plaintiff was not entitled to benefits under the contract . . . .

## II. ANALYSIS

### A. STANDARDS OF REVIEW

This Court reviews de novo a trial court's ruling on a summary disposition motion, *People v Earl*, 495 Mich 33, 36; 845 NW2d 721 (2014), issues of statutory interpretation, *id.*, and the interpretation and application of an insurance contract, *Travelers Prop Cas Co of America v Peaker Servs, Inc*, 306 Mich App 178, 184; 855 NW2d 523 (2014). A motion under MCR 2.116(C)(10) "tests the factual support for a claim and should be granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 280; 807 NW2d 407 (2011). In deciding a (C)(10) motion, the trial court should look at the record in the light most favorable to the opposing party, considering "the pleadings, affidavits, depositions, admissions, and other documentary evidence." *Id.*

## B. PARKED VEHICLE EXCLUSION

Under the insurance policy in issue, appellee must pay damages for bodily injury that the insured is entitled to recover from the owner or operator of an uninsured vehicle. However, the bodily injury "must arise from the ownership, operation, maintenance, or use of the uninsured automobile as an automobile." This language parallels MCL 500.3105, which provides that a person is entitled to recover damages for bodily injury from the owner or operator of a motor vehicle if the injury "aris[es] out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle."

An injury arises out of the ownership, maintenance, or use of a motor vehicle if there is a causal connection between the sustained injuries and the ownership, maintenance, or use of the vehicle. *Johnson v Auto-Owners Ins Co*, 138 Mich App 813, 816; 360 NW2d 310 (1984). "The injury must be foreseeably identifiable with the normal use, maintenance and ownership of the vehicle." *Kangas v Aetna Cas & Sur Co*, 64 Mich App 1, 17; 235 NW2d 42 (1975). The injury's relationship to the use of a motor vehicle as a motor vehicle must be "more than incidental, fortuitous, or but for." *Thornton v Allstate Ins Co*, 425 Mich 643, 659; 391 NW2d 320 (1986). "The involvement of the car in the injury should be 'directly related to its character as a motor vehicle.' " *Id.*, quoting *Miller v Auto-Owners Ins Co*, 411 Mich 633, 640-641; 309 NW2d 544 (1981).

Although at the time of appellant's injury the vehicle involved was not moving, the vehicle was moving when it caused the condition that injured appellant, i.e., the ruts in the ground. However, the relevant time when analyzing the requirements in MCL 500.3105 or MCL 500.3106 (the parked vehicle provision) is the time when appellant was injured. See *Johnston v Hartford Ins Co*, 131 Mich App 349, 361; 346 NW2d 549 (1984) (precluding recovery under the no-fault act because "in order to establish liability, [a vehicle] must also be used as a motor vehicle *at the time of the accident*" [emphasis added]). This is consistent with the central tenet of the no-fault act, namely, that security be provided for injuries "arising out of the ownership, maintenance, and use of a motor vehicle as a motor vehicle." MCL 500.3105.[2] Here, appellant was injured at the time the vehicle had come to rest in the yard. Thus, the "arising out of" analysis must focus on the vehicle after it came to rest, not as it drove through the yard and formed the ruts.

"[B]odily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle," unless a listed exception exists. MCL 500.3106(1). To be covered for an injury involving a parked vehicle, appellant must establish the following:

> (1) his conduct fits one of the three exceptions of subsection 3106(1); (2) the injury arose out of the ownership, operation, maintenance, or use of the parked

---

[2] See also MCL 500.3103(1) ("An owner or registrant of a motorcycle shall provide security against loss resulting from liability imposed by law for property damage, bodily injury, or death suffered by a person arising out of the ownership, maintenance, or use of that motorcycle.").

motor vehicle as a motor vehicle, and (3) the injury had a causal relationship to the parked motor vehicle that is more than incidental, fortuitous, or but for. [*Putkamer v Transamerica Ins Corp of America*, 454 Mich 626, 635-636; 563 NW2d 683 (1997).]

One of those exceptions is where "[t]he vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred." MCL 500.3106(1)(a). "[W]here the facts are not disputed, the determination whether an automobile is parked in such a way so as to create an unreasonable risk of bodily injury under the no-fault act is an issue of statutory construction for a court to decide." *Putkamer*, 454 Mich at 631 n 3.

While the no-fault act does not define "parked," the Motor Vehicle Code, MCL 257.1 *et seq.*, provides that "'[p]arking' means standing a vehicle, whether occupied or not, upon a highway, when not loading or unloading except when making necessary repairs." This is consistent with *Merriam-Webster's Collegiate Dictionary* (11th ed), which defines the word "park" in part to mean "to bring (a vehicle) to a stop and keep standing at the edge of a public way," and "to leave temporarily on a public way or in a parking lot or garage." Appellant argues that the truck driven into his yard was not parked because Lintz did not stand the vehicle upon a highway.

However, this Court has stated that a vehicle's location on the roadway does not determine whether the vehicle is parked. *Amy v MIC Gen Ins Corp*, 258 Mich App 94, 125; 670 NW2d 228 (2003), rev'd in part sub nom on other grounds *Stewart v State*, 471 Mich 692; 692 NW2d 376 (2004). This is in keeping with other definitions of "park," which include "to set and leave temporarily" and "to place, settle, or establish [especially] for a considerable time." *Merriam-Webster's Collegiate Dictionary* (11th ed). These definitions do not identify a specific location or locations. Here, the truck came to rest in appellant's yard as the result of an accident and was set and left temporarily in that location. Thus, the vehicle was parked at the relevant time.

In *Wills v State Farm Ins Co*, 437 Mich 205, 208; 468 NW2d 511 (1991), the plaintiff's husband was killed when the snowmobile on which he was riding struck a vehicle parked on the shoulder of a state trunk highway with its lights off. "The snowmobile was travelling along the shoulder of the highway." *Id.* The plaintiff was seeking benefits from her husband's no-fault insurer. *Id.* The Supreme Court framed the issue before it as "whether it can be determined, as a matter of law, whether an automobile parked on a shoulder of a highway is unreasonably parked under § 3106(1)(a)." *Id.* at 208-209.

> We conclude that it is not unreasonable to park a vehicle without regard to the protection of persons who may not legally be on the shoulder where the vehicle is parked. The trial court in this case correctly determined that the vehicle was not unreasonably parked. It was completely off the roadway, it was not impeding traffic flow, and it was plainly visible. . . . [*Id.* at 214-215 (CAVANAGH, C.J.), (BOYLE, J., concurring), (RILEY, J., concurring in result), 216 (GRIFFIN, J., concurring in result).]

Although not directly on point, guidance can be found in considering *McPherson v Auto-Owners Ins Co*, 90 Mich App 215; 282 NW2d 289 (1979), in the context of its overruling in *Putkamer*, 454 Mich 626 (1997). *McPherson* involved MCL 500.3106(1)(c) (alighting exception to parked vehicle exclusion). *McPherson*, 90 Mich App at 217. The *McPherson* "[p]laintiff had temporarily parked her car and was in the process of going around it to remove her three-year-old grandson from the back seat. While at the rear of the automobile she slipped and fell on an obstruction in the highway, sustaining injury." *Id*. The Court concluded that § 3106(1)(c) applied. *Id*. at 219. The Court explained that "it is unnecessary that the automobile be the cause of the injury, it is sufficient if it provides the occasion for the injury." *Id*. at 220. In overruling *McPherson*'s "occasion for the injury" test, the *Putkamer* Court noted that this Court "had previously disapproved of this analysis." *Putkamer*, 454 Mich at 635 n 8, citing *Gooden v Transamerica Ins Corp of America*, 166 Mich App 793; 420 NW2d 877 (1988).

Here, the risk encountered by appellant was not associated with how the truck was parked. The danger posed was the potential of being injured by stumbling over or being tripped by the ruts in the yard. Appellant's theory of the case is akin to the rejected "occasion for the injury" test. In other words, appellant's argument is essentially that the ruts would never have been created if the truck had not come into his yard, and if the ruts were not created, he would not have been injured tripping over them. This is not the risk and resultant injury that the exception was designed to compensate. The truck's involvement in appellant's injury is no more than incidental.

Affirmed.

/s/ David H. Sawyer
/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder