*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GENEVA OTLEWSKI and EDWARD OTLEWSKI,

Plaintiffs-Appellants,

v

FARM BUREAU GENERAL INSURANCE
COMPANY OF MICHIGAN,

Defendant-Appellee.

UNPUBLISHED
March 30, 2023

No. 361784
Lapeer Circuit Court
LC No. 21-054726-CX

Before: CAVANAGH, P.J., and MARKEY and BORRELLO, JJ.

PER CURIAM.

In this action regarding the payment of homeowners' insurance benefits, plaintiffs, Geneva and Edward Otlewski, appeal by right the trial court's order granting summary disposition in favor of defendant, Farm Bureau General Insurance Company of Michigan (Farm Bureau), with respect to plaintiffs' lawsuit and denying plaintiffs' motion for partial summary disposition on their request for an appraisal. We affirm.

On December 31, 2018, a fire left burning in the fireplace of plaintiffs' home during the night evidently ignited the nearby subfloor causing a fire in the basement of the house. The fire produced smoke that vented through the floorboards in the area of the fireplace. The blaze resulted in fairly extensive damage to the home before it was extinguished by the fire department. Plaintiffs, who had a homeowners' insurance policy with Farm Bureau, contacted Farm Bureau to report the fire and make a claim. A representative of ServPro showed up at plaintiffs' home after the fire, claiming to have been sent by Farm Bureau to assess the damages. Plaintiff Geneva Otlewski executed a written contract with ServPro authorizing ServPro to perform repairs and provide cleanup services in connection with the fire and smoke damage. The contract stated that plaintiffs agreed that ServPro was working for plaintiffs "and not [plaintiffs'] insurance company or any agent/adjuster." Pertinent to this appeal, the claims specialist for Farm Bureau who handled plaintiffs' claim, Thomas Nault, averred in his affidavit:

> On February 14, 2019, I reached agreement with ServPro *on the scope and pricing of repairs*, in the amount of $41,822.73, including installation by ServPro

-1-

of a new boiler in the home. I later issued payments I also agreed with ServPro's contents cleaning estimate of $3,536.33, and issued payments accordingly. [Emphasis added.]

Farm Bureau's payments to or on behalf of plaintiffs totaled $52,235.04.

ServPro utilized subcontractors to perform some of the work, including installation of the new boiler and a water heater. Plaintiffs took the position that the repairs were not performed in a proper and workmanlike manner, resulting in inadequate support for the fireplace and chimney in violation of the building code and the inability to vent the boiler and water heater because the chimney was no longer suitable for venting those fixtures. Geneva Otlewski claimed that the fire had also directly damaged the masonry chimney. On the basis of a couple of professional inspections of the chimney, Farm Bureau denied coverage for any chimney repairs. According to Farm Bureau, the inspections demonstrated that the current unsatisfactory condition of the masonry chimney was not caused by the fire; rather, the chimney's condition was the result of improper or unperformed maintenance and repairs that predated the fire.

In January 2020, a space heater, which was being used while house repairs were underway and because the boiler remained nonfunctional, caused a second fire in the home. Farm Bureau paid plaintiffs and service providers $128,085.42 to cover repairs, cleaning, alternate living expenses, and restoration or replacement of household goods associated with the 2020 fire.

In June 2021, plaintiffs filed the instant action against Farm Bureau. Count I of the complaint alleged breach of contract. Plaintiffs alleged that Farm Bureau failed to comply with its duty to handle plaintiffs' claims in good faith and in a fair, reasonable, and timely manner. Plaintiffs further asserted that Farm Bureau engaged in unfair or deceptive acts or practices in violation of the Uniform Trade Practices Act (UTPA), MCL 500.2001 *et seq*., which terms were included in the insurance policy by implication. More specifically, plaintiffs contended that Farm Bureau failed to timely and fully pay plaintiffs' coverage claims in breach of the insurance contract and Michigan law. In Count II of the complaint, plaintiffs alleged that "the parties have not agreed to the amount of the replacement cost and actual cash value of the insured loss" and, therefore, plaintiffs demanded an "appraisal of the replacement cost and actual cash value of the losses sustained" in the fire. Finally, in Count III, plaintiffs alleged a direct violation of the UTPA where Farm Bureau "failed to pay [p]laintiffs' claims on a timely basis."

Farm Bureau moved for summary disposition under MCR 2.116(C)(10). Farm Bureau maintained that there was no coverage for the claimed damage to the chimney because any defective condition of the chimney was not caused by the fire but instead resulted from previous inadequate repairs and maintenance. Farm Bureau also argued that it had issued payment in full for all covered losses. Farm Bureau further contended that plaintiffs had violated a discovery order, entitling Farm Bureau to sanctions, up to and including dismissal. Plaintiffs responded to the motion and moved for partial summary disposition with respect to their claim for an appraisal. Plaintiffs' arguments in responding to Farm Bureau's motion closely parallel their arguments on appeal, which we shall discuss below. The trial court entertained oral argument on the motions and took the matters under advisement.

In May 2022, the trial court issued a written opinion. The court noted that "[t]he plaintiffs agree with [Farm Bureau] that the majority of their damages arise from faulty design and workmanship of the repairs." The trial court determined, however, that "plaintiffs have not come forward with evidence to show that [Farm Bureau] directed how the repairs would be done, only that [Farm Bureau] agreed to pay for the repairs that ServPro proposed to make." The court observed that despite Geneva Otlewski's assertion that ServPro showed up at her home claiming that Farm Bureau had sent the company to her house, it did not mean or establish that ServPro acted on behalf of Farm Bureau in making the repairs. The trial court further ruled:

> Indeed, plaintiffs' written agreement with ServPro of Lapeer states that the contractor works solely for the homeowner, and it expressly disclaims any contractual or agency relationship between the contractor and the homeowners' insurance agency. There is no genuine issue [that Farm Bureau] is not obligated to guaranty the design or workmanship of the contractor's work.

The trial court next addressed plaintiffs' claim regarding repair of the chimney, concluding that plaintiffs did not present any substantively-admissible evidence showing that damage to the chimney was caused by the fires, as opposed to being preexisting and caused by prior faulty repairs and maintenance. In regard to the requested appraisal, the trial court ruled that there was "no genuine issue concerning the amount of the covered losses and no dispute over the amount of the loss capable of resolution by appraisal." In sum, the court denied plaintiffs' partial motion for summary disposition relative to the requested appraisal and granted Farm Bureau's motion for summary disposition. Subsequently, an order was entered reflecting the trial court's rulings. Plaintiffs appeal by right.

This Court reviews de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Issues involving the proper interpretation and legal effect of a contract or contractual clause are likewise subject to de novo review. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).[1] Plaintiffs

---

[1] MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . when judgment is sought based on subrule (C)(10)," MCR 2.116(G)(3)(b), and such evidence, along with the pleadings, must be considered by the court when ruling on the (C)(10) motion, MCR 2.116(G)(5). "When a motion under subrule (C)(10) is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Pioneer State*, 301 Mich App at 377. "A genuine issue of material fact exists when the

first argue that they presented documentary evidence sufficient to create a genuine issue of material fact with respect to the issue whether Farm Bureau's adjustment of the claim was fair and reasonable and performed in good faith. Plaintiffs contend that their breach-of-contract claim was not based on the UTPA, even though their complaint directly cited the UTPA as part of that claim, accompanied by allegations that the UTPA's terms were included in the insurance policy by implication. Relying on Nault's affidavit, plaintiffs proceed to argue that, although not contractually obligated under the policy of insurance to do so, Farm Bureau negotiated with ServPro to determine the scope of the work to be performed and the price to be paid for the work. Having voluntarily chosen to undertake this duty, plaintiffs maintain that Farm Bureau had an obligation to act in a nonnegligent manner. Plaintiffs argue that "Farm Bureau, having assumed the duty to determine the scope of repairs, made a dreadful hash of the attempted fix, what would have to be characterized as misfeasance." Plaintiffs further assert:

> Sending a stone mason to make the first and most important repair, the damaged floor joists, when an engineer's report and expert carpenters [were] required, was the first mistake. This left the chimney unsupported, beginning its slide into the basement, and damaging what repairs had been made to the firebox, albeit prematurely. Similarly, the novice employed to install the boiler failed to even inquire whether there was satisfactory venting for the furnace.

* * *

> Had Farm Bureau gotten it right in the beginning, i.e.[,] properly shored up the floor joists so the chimney wouldn't slide into the basement, then fixed the firebox, there would have been a relatively easy fix for the chimney, i.e.[,] install a lining. Now, because of [Farm Bureau's] negligence, the structure of the chimney, so long unsupported, has been compromised. Now the entire chimney has to be rebuilt.

Plaintiffs emphasize "that Farm Bureau, having assumed the duty to determine the scope and costs of the repairs, . . . negligently performed that duty." In their reply brief on appeal,

---

record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). "[S]peculation is insufficient to create an issue of fact." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 282; 807 NW2d 407 (2011). A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); see also MCR 2.116(G)(6).

plaintiffs quote Nault's affidavit about his agreement with ServPro regarding "the scope and pricing of the repairs," arguing that it demonstrated "Nault's faulty determination of what needed to be done to effect a repair." Plaintiffs again explain that work was done on the fireplace before load-bearing repairs were made in the basement, allowing the fireplace and chimney to sink, along with complaining that the fireplace was rebuilt improperly. In an associated argument, plaintiffs contend that various circumstances, including the facts that Farm Bureau sent ServPro to plaintiffs' home to assess damages and that Farm Bureau, via Nault, reached an agreement with ServPro on the scope and price of repairs, created an issue of fact concerning the nature of the relationship between Farm Bureau and ServPro.

We initially note that the particular theory and arguments now posed by plaintiffs on appeal were not expressly set forth in their complaint. In the complaint, the closest plaintiffs came to a factually-specific allegation of wrongdoing on the part of Farm Bureau was failure to timely and fully pay plaintiffs' coverage claims. The gist of plaintiffs' appellate argument is that there exists a genuine issue of material fact regarding whether Farm Bureau should be held liable for the allegedly faulty and negligent work that ServPro and its subcontractors performed.[2] The supporting evidence that plaintiffs cite are Nault's averment in his affidavit that he "reached an agreement with ServPro on the scope and pricing of repairs" and the fact that a Servpro representative showed up at plaintiffs' home after the fire, claiming to have been sent by Farm Bureau to assess the damages.

With respect to Nault's agreement regarding the scope and pricing of repairs, we cannot conclude that the agreement in any form or fashion exposed Farm Bureau to liability for any negligence committed by ServPro or its contractors. The scope of the repairs would merely concern the extent of the needed repairs and not the mode, manner, and sequence in which the repairs were made. And it is the mode, manner, and sequence of the repairs that form the basis of plaintiffs' grievances. Clearly, the same can be said regarding Nault's agreement in relation to the pricing of the repairs—it has nothing to do with the quality of the performance of the repairs. We discern nothing unusual about a home insurer's signing off on or agreeing to the scope of repairs and pricing. It does not render the insurer liable for a contractor's negligently performed repairs. With respect to the ServPro representative's showing up at plaintiffs' home, we cannot find anything nefarious about the matter in and of itself. There is no evidence that plaintiffs were forced by Farm Bureau to engage the services of ServPro. In fact, Geneva Otlewski executed a written contract with ServPro authorizing ServPro to perform repairs and provide cleanup services in connection with the fire and smoke damage. The contract stated that plaintiffs agreed that ServPro was working for plaintiffs "and not [plaintiffs'] insurance company or any agent/adjuster." There is no evidence to the contrary, and we note that discovery closed on the date that Farm Bureau filed its motion for summary disposition, which undermines plaintiffs' claims of unanswered questions regarding the Farm Bureau-ServPro relationship that need to be explored.

In sum, we hold that the documentary evidence does not create a genuine issue of material fact regarding whether Farm Bureau breached the insurance contract, breached or violated

---

[2] Plaintiffs did present this argument when responding to Farm Bureau's motion for summary disposition.

Michigan common-law, or violated the UTPA, assuming the latter two claims can even potentially give rise to a cause of action. There is no evidence of wrongdoing on the part of Farm Bureau. Furthermore, we reject plaintiffs' final argument seeking to amend the complaint to add ServPro as a defendant and to add a negligence claim against Farm Bureau. First, as to adding ServPro as a defendant, that has no bearing whatsoever on dismissing Farm Bureau: plaintiffs can file a new, independent suit against ServPro. Second, in regard to adding a negligence claim against Farm Bureau, for the reasons discussed above, "the evidence . . . shows that amendment would not be justified." MCR 2.116(I)(5). Reversal is unwarranted.

We affirm. Having fully prevailed on appeal, Farm Bureau may tax costs under MCR 7.219.


/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Stephen L. Borrello