*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

RANDALL SHAW and HILLARY SHAW,

        Plaintiffs-Appellees,

v

KAMIL MARCIN NOWAKOWSKI,

        Defendant/Cross-Defendant,

and

THE AUTO CLUB GROUP, doing business as AAA
AUTO CLUB GROUP,

        Defendant-Appellant,

and

CRISPELLI'S LLC,

        Defendant/Cross-Plaintiff.

UNPUBLISHED
March 30, 2023

No. 360846
Oakland Circuit Court
LC No. 2020-180321-NI

Before: CAVANAGH, P.J., and MARKEY and BORRELLO, JJ.

MARKEY, J. (*dissenting*).

        I conclude that the trial court erred by denying the motion for summary disposition filed by defendant, The Auto Club Group (Auto Club), under MCR 2.116(C)(10). Accordingly, I respectfully dissent.

        This Court reviews de novo a trial court's ruling on a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Issues involving

the proper interpretation and legal effect of a contract or contractual clause are likewise subject to de novo review. *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).[1]

"Underinsurance automobile insurance protection is not required by law and therefore is optional insurance offered by some, but not all, Michigan automobile insurance companies. Because such insurance is not mandated by statute, the scope, coverage, and limitations of underinsurance protection are governed by the insurance contract and the law pertaining to contracts." *Mate v Wolverine Mut Ins Co*, 233 Mich App 14, 19; 592 NW2d 379 (1998). And in *Home-Owners Ins Co v Andriacchi*, 320 Mich App 52, 62; 903 NW2d 197 (2017), this Court observed:

> In reviewing an insurance policy dispute courts must look to the language of the insurance policy and interpret the terms therein in accordance with Michigan's well-established principles of contract construction, the predominant rule being that an insurance contract must be enforced in accordance with its terms. Courts will look to the plain language of the insurance policy in determining the scope of coverage. Although a court strictly construes exclusions in favor of an

---

[1] MCR 2.116(C)(10) provides that summary disposition is appropriate when, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." A motion brought pursuant to MCR 2.116(C)(10) tests the factual support for a party's action. *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). "Affidavits, depositions, admissions, or other documentary evidence in support of the grounds asserted in the motion are required . . . when judgment is sought based on subrule (C)(10)," MCR 2.116(G)(3)(b), and such evidence, along with the pleadings, must be considered by the court when ruling on the (C)(10) motion, MCR 2.116(G)(5). "When a motion under subrule (C)(10) is made and supported . . ., an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial." MCR 2.116(G)(4). "A trial court may grant a motion for summary disposition under MCR 2.116(C)(10) if the pleadings, affidavits, and other documentary evidence, when viewed in a light most favorable to the nonmovant, show that there is no genuine issue with respect to any material fact." *Pioneer State*, 301 Mich App at 377. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10). *Pioneer State*, 301 Mich App at 377. "Like the trial court's inquiry, when an appellate court reviews a motion for summary disposition, it makes all legitimate inferences in favor of the nonmoving party." *Skinner v Square D Co*, 445 Mich 153, 162; 516 NW2d 475 (1994). "[S]peculation is insufficient to create an issue of fact." *MEEMIC Ins Co v DTE Energy Co*, 292 Mich App 278, 282; 807 NW2d 407 (2011). A court may only consider substantively admissible evidence actually proffered by the parties when ruling on the motion. *Maiden v Rozwood*, 461 Mich 109, 121; 597 NW2d 817 (1999); see also MCR 2.116(G)(6).

insured, clear and specific exclusions must be given effect, and coverage under a policy is lost if any exclusion within the policy applies to an insured's particular claims. Respect for the freedom to contract entails that we enforce only those obligations actually assented to by the parties. A court cannot rewrite a contract if its terms are expressly stated. [Quotation marks, citations, brackets, and ellipses omitted.]

I start my analysis by assuming—consistent with plaintiffs' position—that the pertinent limit of liability under the Auto Club insurance policy for purposes of the policy's definition of "underinsured motor vehicle" is the $500,000 per-accident limit. Therefore, in light of the $300,000 automobile liability coverage for defendant, Kamil Nowakowski, under his policy with Berkshire Hathaway Guard Insurance (Berkshire), I will deem Nowakowski's vehicle an "underinsured motor vehicle."

Part III of the Auto Club policy addresses uninsured and underinsured motorist coverage and, relevant to this appeal, ¶ 3 of the "LIMITS OF LIABILITY" section of Part III provides:

> 3.      If the damages are caused by an **underinsured motor vehicle**, the most **we** will pay will be the lesser of:
>
> > a.      the difference between the Limits of Liability of this coverage and the sum of the Limits of Liability under all **bodily injury** liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for the **underinsured motor vehicle** and applicable to the **underinsured motor vehicle**; or
> >
> > b.      the difference between the amount of the **insured person's** damages for **bodily injury** and the sum of the Limits of Liability under all **bodily injury** liability insurance policies, bonds or other security required to be maintained under law applicable to the driver or to the person or organization legally responsible for the **underinsured motor vehicle** and applicable to the **underinsured motor vehicle**. [Bold in original.]

Applying paragraph 3.a. above, the $300,000 liability limit under Nowakowski's Berkshire policy must be subtracted from the $500,000 per-accident limit under the Auto Club policy, resulting in $200,000 in available underinsured motorist (UIM) benefits before contemplation of any other potential reductions. Paragraph 3.b. would only apply if plaintiffs' damages for bodily injury were under $500,000, in which case Auto Club's liability limit for UIM benefits would be less than $200,000. Again making an assumption favorable to plaintiffs, I will apply ¶ 3.a., meaning that ¶ 3 limits Auto Club's total liability for UIM benefits to $200,000.

Next, the $200,000 amount calculated under ¶ 3 is subject to possible further reduction under ¶ 4 of the "LIMITS OF LIABILITY" section of Part III of the Auto Club policy, which provides, in pertinent part:

> 4.      Any amount payable under this Part will be reduced by:
>
> a.      any amount paid or payable by or on behalf of the owner or operator of the **uninsured motor vehicle** or organization which may be legally liable;
>
> b.      any amount paid or payable under the Liability Insurance Coverage of this or any other policy . . . . [Bold in original.]

Paragraph 4.a. plainly does not apply to reduce the $200,000 amount in UIM benefits because Nowakowski's vehicle was not *un*insured. But ¶ 4.b. clearly applies in light of the liability insurance coverage under the dramshop insurance policy issued by Fremont Insurance to defendant, Crispelli's LLC. See MCL 436.1803. That policy provides liability coverage and certainly qualifies as "any other policy." We cannot ignore the plain and unambiguous language of ¶ 4.b. *Andriacchi*, 320 Mich App at 62. Paragraph 4.b. does not state that the "other policy" must be one that is directly applicable to the underinsured motor vehicle or its operator. Indeed, consideration of all bodily injury liability insurance policies applicable to the underinsured motor vehicle and its driver is already required by ¶ 3 for purposes of limiting Auto Club's liability. Paragraph 4 provides for possible *further* reduction of Auto Club's liability, and if the term "policy" in ¶ 4.b. is construed in the same manner as the term is used in ¶ 3, we would effectively be rendering ¶ 4.b. meaningless and surplusage. And "courts must . . . give effect to every word, phrase, and clause in a contract and avoid an interpretation that would render any part of the contract surplusage or nugatory." *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003).

Therefore, moving forward, the $200,000 limit on Auto Club's liability for UIM benefits as derived from application of ¶ 3 must be reduced pursuant to ¶ 4.b. by "any amount paid or payable under" Crispelli's dramshop liability insurance policy. That policy has a $1 million per-occurrence liability limit, and there is no genuine issue of material fact that plaintiffs settled the dramshop claims against Crispelli's in the amounts of $325,000 with respect to Randall Shaw and $25,000 with regard to Hillary Shaw. Accordingly, the "paid" $350,000 amount must be subtracted from the $200,000 amount, leaving a negative dollar figure. Thus, Auto Club owes no UIM benefits to plaintiffs under the plain and unambiguous language of the insurance policy.

The majority concludes that Auto Club waived any appellate argument under ¶ 4.b. because the issue was never raised below in the trial court. In *In re Conservatorship of Murray*, 336 Mich App 234, 241; 970 NW2d 372 (2021), this Court explained:

> This Court has discretion to review unpreserved issues in civil cases if review would prevent manifest injustice, if review is necessary for proper resolution of the case, *or* if the issue involves a question of law and the facts necessary for determination have been presented. This Court has reviewed forfeited issues when declining to do so would result in a miscarriage of justice. This Court,

however, exercises its discretion sparingly and only when exceptional circumstances warrant review. [Citations omitted; emphasis added.]

Here, all three of the reasons for reviewing an unpreserved issue are implicated. Taking into consideration ¶ 4.b. would prevent a potential manifest injustice, i.e., rewriting of the insurance policy and enforcing an obligation to which the parties did not assent. Taking into consideration ¶ 4.b. is also necessary for a *proper* resolution of the case. And, finally, taking into consideration ¶ 4.b. entails or involves a question of law, and the facts necessary to determine and resolve the issue were presented and are undisputed. In short, review of Auto Club's argument under ¶ 4.b. is warranted and in accord with applicable rules of contractual analysis of insurance policies.

The trial court's ruling denying Auto Club's motion for summary disposition is erroneous; consequently, it should be reversed. Accordingly, I respectfully dissent.

/s/ Jane E. Markey