PETERSON v FERTEL

Docket No. 282770. Submitted March 12, 2009, at Detroit. Decided April 9, 2009, at 9:00 a.m.

Julia Peterson, as personal representative of the estate of decedent Andrew Peterson, brought a medical malpractice action in the Wayne Circuit Court against David Fertel, D.O., John R. Schairer, D.O., Garden City Hospital, and others. Case evaluation resulted in a proposed monetary award for the plaintiff and against Fertel, Schairer, and the hospital. The court, Michael F. Sapala, J., on the defendants' motions for summary disposition, granted summary disposition for Fertel and Schairer. The plaintiff filed a motion for reconsideration of the grant of summary disposition to Fertel and Schairer, and also rejected the case evaluation. Schairer accepted the case evaluation, but Fertel rejected it. The court denied the plaintiff's motion for reconsideration. Fertel and Schairer moved for costs and attorney fees as case evaluation sanctions. The court granted the motion, and its award included expert witness fees and attorney fees incurred from the date the plaintiff rejected the case evaluation. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not err by awarding case evaluation sanctions against the plaintiff and in favor of Fertel and Schairer. MCR 2.403(O) provides that a party that rejects a case evaluation in an action that proceeds to verdict must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. The rule also provides that when the opposing parties reject a case evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation. Finally, the rule provides three definitions of "verdict," one of which is a judgment entered as a result of a ruling on a motion after rejection of the case evaluation. In this case, Fertel and Schairer received a result more favorable than the case evaluation and the trial court's order denying the plaintiff's motion for reconsideration constituted a verdict under the court rule, i.e., it was a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

2. The trial court did not abuse its discretion with respect to the case evaluation sanctions awarded. Under MCR 2.403(O)(1) and (6), "actual costs," defined as costs taxable in any civil action and reasonable attorney fees for services necessitated by the rejection of the case evaluation, must be awarded against a party that rejected a case evaluation when the verdict is more favorable to the opposing party than the case evaluation. Expert witness fees qualify as actual costs under the court rule, and expert witness fees are not limited to fees associated with testifying in a deposition or at trial and may include fees associated with trial preparation. The case need not be remanded for an evidentiary hearing on the attorney fee award. The plaintiff failed to request a hearing below, and Fertel and Schairer submitted evidence that supports the trial court's award.

Affirmed.

1. PRETRIAL PROCEDURE — CASE EVALUATION SANCTIONS — VERDICTS FOR PURPOSES OF AWARDING CASE EVALUATION SANCTIONS.

A ruling that denies a motion for reconsideration of a grant of summary disposition, if the ruling is made after a party's rejection of a case evaluation, is a verdict for purposes of case evaluation sanctions (MCR 2.403[O][1], [2][c]).

2. COSTS — CASE EVALUATION SANCTIONS — EXPERT WITNESS FEES — TRIAL PREPARATION COSTS.

Expert witness fees incurred in trial preparation may be awarded as actual costs for purposes of case evaluation sanctions (MCR 2.403[O][1], [6][a]).

*Fieger, Fieger, Kenney, Johnson & Giroux, P.C.* (by Geoffrey N. Fieger, Lloyd G. Johnson, and Heather A. Jefferson), for Julia Peterson.

*Rutledge, Manion, Rabaut, Terry & Thomas, P.C.* (by Matthew J. Thomas and *Paul Manion*), for David Fertel, D.O.

*Mellon, McCarthy & Pries, P.C.* (by *James T. Mellon*), for John R. Schairer, D.O.

Before: SAAD, C.J., and BANDSTRA and HOEKSTRA, JJ.

SAAD, C.J. In this medical malpractice action, plaintiff appeals the trial court's order that granted defendants Dr. David Fertel and Dr. John Schairer's motions to tax costs and for case evaluation sanctions. For the reasons set forth in this opinion, we affirm.

## I. FACTS AND PROCEEDINGS

For purposes of the questions on appeal, the parties do not dispute the essential facts of the case. Plaintiff alleged that defendants, Dr. David Fertel, Dr. John Schairer, Dr. Andrew Zazaian, Dr. David Patterson, and Garden City Hospital, negligently failed to timely diagnose and treat plaintiff's decedent, Andrew Peterson. Pursuant to MCR 2.403, case evaluation took place on April 16, 2007, and the panel recommended an award in favor of plaintiff against Dr. Fertel, Dr. Schairer, and the hospital. Thereafter, defendants filed motions for summary disposition and the trial court granted summary disposition to Drs. Fertel and Schairer on May 1, 2007. Plaintiff filed a motion for reconsideration on May 11, 2007, and plaintiff rejected the case evaluation on May 15, 2007, pursuant to MCR 2.403(L)(1).[1] Dr. Fertel also rejected the case evaluation, but Dr. Schairer accepted it. The trial court denied plaintiff's motion for reconsideration in an order entered on June 19, 2007, and, thereafter, plaintiff settled her claims against the remaining defendants.

In October 2007, Drs. Fertel and Schairer filed motions to tax costs and for case evaluation sanctions. The trial court granted the motions and awarded Dr. Fertel $12,425.50 and awarded Dr. Schairer $8,484.28. The awards included costs incurred by the doctors for expert

---

[1] Plaintiff failed to respond to the case evaluation and, under MCR 2.403(L)(1), a failure to file a written acceptance or rejection within 28 days of the evaluation constitutes a rejection.

witnesses and attorney fees incurred from the date plaintiff rejected the case evaluation.

## II. ANALYSIS

### A. AWARD OF CASE EVALUATION SANCTIONS

Plaintiff contends that the trial court erred when it awarded case evaluation sanctions to Drs. Fertel and Schairer because the trial court granted their motions for summary disposition before the deadline for acceptance or rejection of the case evaluation award.

As our Supreme Court explained in *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008):

> A trial court's decision whether to grant case-evaluation sanctions under MCR 2.403(O) presents a question of law, which this Court reviews de novo. *Casco Twp v Secretary of State*, 472 Mich 566, 571; 701 NW2d 102 (2005); *Allard v State Farm Ins Co*, 271 Mich App 394, 397; 722 NW2d 268 (2006). We review for an abuse of discretion a trial court's award of attorney fees and costs. *Wood [v Detroit Automobile Inter-Ins Exch*, 413 Mich 573, 588; 321 NW2d 653 (1982)]. An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes. *Maldonado v Ford Motor Co*, 476 Mich 372, 388; 719 NW2d 809 (2006).

"When called upon to interpret and apply a court rule, this Court applies the principles that govern statutory interpretation." *Haliw v Sterling Hts*, 471 Mich 700, 704; 691 NW2d 753 (2005). As this Court further explained in *Kloian v Domino's Pizza, LLC*, 273 Mich App 449, 458; 733 NW2d 766 (2006):

> "Well-established principles guide this Court's statutory [or court rule] construction efforts. We begin our analysis by consulting the specific ... language at issue." *Bloomfield Charter Twp v Oakland Co Clerk*, 253 Mich App 1, 10; 654 NW2d 610 (2002). This Court gives effect to the rule

maker's intent as expressed in the court rule's terms, giving the words of the rule their plain and ordinary meaning. See *Willett v Waterford Charter Twp*, 271 Mich App 38, 48; 718 NW2d 386 (2006). If the language poses no ambiguity, this Court need not look outside the rule or construe it, but need only enforce the rule as written. See *Ayar v Foodland Distributors*, 472 Mich 713, 716; 698 NW2d 875 (2005).

The trial court awarded case evaluation sanctions pursuant to MCR 2.403(O), which provides, in relevant part:

(1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.

(2) For the purpose of this rule "verdict" includes,

(a) a jury verdict,

(b) a judgment by the court after a nonjury trial,

(c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.

The purpose of the rule that provides for case evaluation sanctions is "to encourage settlement and deter protracted litigation by placing the burden of litigation costs upon the party that required that the case proceed toward trial by rejecting the mediator's evaluation." *Broadway Coney Island, Inc v Commercial Union Ins Cos*, 217 Mich App 109, 114; 550 NW2d 838 (1996).

The parties do not dispute that Drs. Fertel and Schairer received a "more favorable" result under MCR 2.403(O). Instead, plaintiff claims that case evaluation sanctions are improper because the trial court granted summary disposition to Drs. Fertel and Schairer *before*

plaintiff rejected the case evaluation. Drs. Fertel and Schairer take the position that, because plaintiff's motion for reconsideration remained pending when plaintiff rejected the case evaluation, the trial court's ruling on plaintiff's motion for reconsideration constitutes a "verdict" because it is "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). Plaintiff maintains that the trial court made its dispositive ruling before the rejection and that this rendered the case evaluation irrelevant because Drs. Fertel and Schairer were already dismissed from the case.

The plain language of the MCR 2.403(O) provides that the fee shifting mechanism applies if a party has rejected the case evaluation "and the action proceeds to verdict . . . ." The rule further states that a "verdict" includes "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." While plaintiff is correct that the trial court granted Dr. Fertel and Dr. Schairer's motions for summary disposition before plaintiff rejected the evaluation, the rule does not limit its definition of "verdict" to orders following motions for summary disposition.

We hold that the ruling on plaintiff's motion for reconsideration is a "verdict" within the meaning of MCR 2.403(O)(2)(c). It indisputably constitutes a ruling on a motion after plaintiff rejected the case evaluation. The ruling is also a "judgment," which is defined as "[a] court's final determination of the rights and obligations of the parties in a case." *Cheron, Inc v Don Jones, Inc*, 244 Mich App 212, 220 n 4; 625 NW2d 93 (2000) (quotation marks and citation omitted). And, unlike cases holding that certain orders do not constitute verdicts, this case does not involve an alternative resolution, like settlement or arbitration, that would indi-

cate a mutual decision to avoid further litigation and trial. Plaintiff characterizes the case evaluation as "totally irrelevant" after the grant of summary disposition, but this ignores the plain objective of a motion for reconsideration in this context, which is to call attention to the trial court's alleged error in granting the motion for summary disposition, to urge the reversal of that decision, to keep the action alive against the defendants and, at its essence, to continue the litigation toward trial. Accordingly, granting case evaluation sanctions against plaintiff, who sought to continue the litigation by rejecting the evaluation, fulfills the purpose of the rule, which is to encourage settlement and to deter protracted litigation.[2] For these reasons, we af-

---

[2] Plaintiff says that she did not attempt to thwart the purpose of the rule by rejecting the case evaluation while the parties were simply awaiting a decision on a motion filed before the deadline for acceptance or rejection of the case evaluation. In *Jerico Constr, Inc v Quadrants, Inc*, 257 Mich App 22, 34; 666 NW2d 310 (2003), this Court opined that the fee shifting rule applies to judgments entered as a result of a ruling on a motion filed after mediation, because the rule specified it at the time mediation occurred in that case. But the rule was amended in 1997 and, among other changes, the Supreme Court eliminated the reference to a motion filed after mediation, thus negating the suggestion that the rule may not apply when a motion is filed before case evaluation. See 454 Mich cxxviii. Indeed, the court rule does not state that the motion at issue must be filed after the rejection, only that the *ruling* must be made after rejection. MCR 2.403(O)(2)(c).

The change to the rule was recommended by the Supreme Court's Mediation Rule Committee. The report states the following with regard to the change:

*Current subrule (O)(2)(c) includes in the definition of "verdict" a judgment entered on a motion "filed" after mediation. The Committee concluded that the time of filing of the motion was irrelevant. The rule should be the same if the motion was filed before mediation but for some reason not decided until later.*

*The Committee recommends a second change regarding cases decided on motion after mediation. Its view was that, in general, rulings on dispositive motions should precede mediation. However,*

firm the trial court's grant of case evaluation sanctions to Drs. Fertel and Schairer.

### B. AMOUNT AWARDED

Though we review the decision whether to award case evaluation sanctions de novo, we review the amount awarded for an abuse of discretion. *Ivezaj v Auto Club Ins Ass'n*, 275 Mich App 349, 356; 737 NW2d 807 (2007). We also review for abuse of discretion the amount awarded as reasonable attorney fees. *Zdrojewski v Murphy*, 254 Mich App 50, 72; 657 NW2d 721 (2002). We hold that the trial court did not abuse its discretion.

> *in some courts, cases are submitted to mediation too soon. Discovery is sometimes not complete, and dispositive motions have not been ruled on. This can distort the mediation process, as the mediators' evaluation may be affected by the knowledge that a dispositive motion is pending or is likely to be filed. That is, they may take into account the likelihood of the defendant winning on a motion in evaluating the case. The evaluation might have been quite different if the panel knew that the motion had been denied. This decreases the likelihood that mediation will dispose of the case, either through acceptance of the evaluation or by facilitating settlement.*
>
> *A number of members favored eliminating motion-based judgments from the definition of "verdict." The majority did not agree with that view. However, though again there was disagreement, the majority thought the judge should be given some discretion not to award costs in the case of decisions on post-mediation motions. The language recommended for new subrule (O)(10) [now subrule O(11)] is based on MCR 2.405(D)(3), which gives similar discretion to the court under the offer of judgment rule. [Report of Supreme Court Mediation Rule Committee, 451 Mich 1204, 1223 (1996) (emphasis in original).]*

The above discussion confirms that the time of the motion filing it is not relevant under MCR 2.403(O)(2)(c), only that the ruling must occur after case evaluation. The discussion also contemplates that, because the timing of case evaluation and the filing of dispositive motions may undermine the value of the case evaluation process, a plaintiff may ask the trial court to apply subrule O(11), which provides that, "[i]f the 'verdict' is the result of a motion as provided by subrule O(2)(c), the court may, in the interest of justice, refuse to award actual costs." However, plaintiff expressly chose not to request relief under this rule, and we need not address it further.

The trial court awarded Drs. Fertel and Schairer case evaluation sanctions under MCR 2.403(O)(1) and (6), which provide:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. However, if the opposing party has also rejected the evaluation, a party is entitled to costs only if the verdict is more favorable to that party than the case evaluation.
>
> * * *
>
> (6) For the purpose of this rule, actual costs are
>
> (a) those costs taxable in any civil action, and
>
> (b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation.

Thus, under MCR 2.403(O), Drs. Fertel and Schairer were entitled to collect from plaintiff their actual costs because plaintiff rejected the case evaluation and both doctors received a more favorable result.

As this Court explained in *Campbell v Sullins*, 257 Mich App 179, 203-204; 667 NW2d 887 (2003):

> Case-evaluation sanctions include actual costs. MCR 2.403(O)(1). The term "actual costs" is defined, in part, as "those costs taxable in any civil action." MCR 2.403(O)(6)(a). Expert-witness fees qualify as "actual costs" under MCR 2.403(O). *Elia* [*v Hazen*, 242 Mich App 374, 379-380; 619 NW2d 1 (2000)].

Plaintiff asserts that the trial court should not have awarded any expert witness fees because the expert witnesses did not testify in a deposition or at trial. However, the statute addressing expert witness fees

does not state that the expert must provide testimony in order to recover expert witness fees:

> No expert witness shall be paid, or receive as compensation in any given case for his services as such, a sum in excess of the ordinary witness fees provided by law, unless the court before whom such witness is to appear, or has appeared, awards a larger sum, which sum may be taxed as a part of the taxable costs in the case. Any such witness who shall directly or indirectly receive a larger amount than such award, and any person who shall pay such witness a larger sum than such award, shall be guilty of contempt of court, and on conviction thereof be punished accordingly. [MCL 600.2164(1).]

Indeed, it is well settled that, regardless of whether the expert testifies, the prevailing party may recover fees for trial preparation. *Miller Bros v Dep't of Natural Resources*, 203 Mich App 674, 691; 513 NW2d 217 (1994); *Herrera v Levine*, 176 Mich App 350, 357-358; 439 NW2d 378 (1989). As the Court in *Herrera* explained:

> The language "is to appear" in [MCL 600.2164] applies to the situation at bar in which the case was dismissed before defendant had a chance to call its proposed expert witnesses at trial. Furthermore, the trial court was empowered in its discretion to authorize expert witness fees which included preparation fees.

The reason for the rule is succinctly set forth in *State Hwy Comm'r v Rowe*, 372 Mich 341, 343; 126 NW2d 702 (1964):

> It is not amiss to observe generally that few expert witnesses could testify properly or effectively without careful preparation and, on occasion, without necessary disbursement in the course of such preparation. For instance any medical or legal expert, testifying without preparation and confronted by a cross-examiner of competence, would

find little comfort in the witness box. More important, his testimony would provide but little light for the trier or triers of fact.

For the above reasons, we affirm the trial court's award of expert witness fees to both Drs. Fertel and Schairer.

Plaintiff also challenges the amount of attorney fees awarded by the trial court and asks this Court to remand the case for an evidentiary hearing. As noted, Drs. Fertel and Schairer were entitled to "a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation." MCR 2.403(O)(6)(b). Plaintiff's counsel conceded that Drs. Fertel and Schairer are entitled to attorney fees, but now argues, for the first time, that the trial court should conduct a hearing to determine whether the amount of fees is reasonable. Defendants submitted evidence to support the trial court's award and, while a trial court must hold an evidentiary hearing when the amount of attorney fees is challenged and when a hearing is requested, *Reed v Reed*, 265 Mich App 131, 166; 693 NW2d 825 (2005), plaintiff did not, despite ample opportunity to do so. Accordingly, we reject plaintiff's claim and decline to remand for further proceedings.

Affirmed.