*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NICHOLE ROLFE,

      Plaintiff-Appellant/Cross-Appellee,

v

BAKER COLLEGE,

      Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
July 22, 2021

No. 352005
Genesee Circuit Court
LC No. 15-104587-CK

Before: BORRELLO, P.J., and SERVITTO and STEPHENS, JJ.

PER CURIAM.

Plaintiff-appellant/cross-appellee (plaintiff), Nichole Rolfe, appeals as of right, and defendant-appellee/cross-appellant (defendant), Baker College, cross-appeals as of right, the trial court's order awarding defendant $9,500 in case evaluation sanctions. For the reasons set forth in this opinion, we reverse.

## I. BACKGROUND

This matter has previously been before this Court, and we quote from this Court's prior opinion in this matter for purposes of providing relevant factual background:

> Plaintiff was enrolled in defendant's nursing program. Approximately six months into her tenure as a student in defendant's program, plaintiff was subjected to discipline from defendant's nursing director. As part of that discipline, plaintiff signed a "behavior contract" that would permit her dismissal from defendant's program if she continued to demonstrate "improper professional behavior." Plaintiff was subsequently discharged from the program for violation of the behavior contract based on conduct that defendant characterized as "[d]isrupting the learning environment . . . by continuously arguing . . . about a personal belief regarding immunizations," "persistent, aggressive, oppositional behavior . . . by student in clinical group setting . . . disrupting the clinical learning environment," and "abrasive and unprofessional" email communications to an instructor.

Plaintiff filed suit, asserting breach of express or implied contract claims. In response to defendant's motion for summary disposition, plaintiff asserted that her damages included "future lost wages" based on the full wages of a professional midwife for 30 years, in the amount of $97,700 per year for 30 years; plaintiff calculated her total damages at over three million dollars. Defendant filed motions in limine seeking to restrict plaintiff's damages to the cost of the tuition she had paid to defendant, which according to defendant was at most $9,270.85. After several motion hearings, the trial court granted summary disposition in favor of defendant on most of plaintiff's claims, including her claim for breach of "the covenant of good faith and fair dealing," but denied summary disposition regarding plaintiff's claim for breach of the behavior contract. The trial court also issued an opinion and order limiting plaintiff's recoverable damages to "the cost of education," thereby excluding such other claimed damages as future lost wages, stating in relevant part:

> Plaintiff may recover, if and when proven, the costs of her education in a sense broader than tuition and books but limited to what she actually paid. If she paid with borrowed funds, such funds are a measure of damages, so long as she is obligated to pay them back. To the extent she is not required to pay them back but she is precluded from obtaining additional funds (e.g. a one-time grant) her inability to reacquire funds to pay for an education elsewhere formulates an aspect of her damages.

Before trial, the parties stipulated to the entry of a final judgment in favor of plaintiff and against defendant with regard to plaintiff's claim that defendant had breached the behavior contract, and to the dismissal of plaintiff's other claims, with a stipulated damages amount of $15,000 plus a waiver of any remaining debt owed by plaintiff to defendant. The consent judgment reserved plaintiff's right to appeal the trial court's limitation of her damages. [*Rolfe v Baker College*, unpublished per curiam opinion of the Court of Appeals, issued May 7, 2019 (Docket No. 340158), pp 1-2 (ellipses in original).]

The consent judgment specifically provided as follows:

> Based upon the prior opinions and/or decisions of this trial court, the parties agree to entry of a final judgment in favor of Plaintiff, NICHOLE ROLFE, and against Defendant, BAKER COLLEGE, in the stipulated amount of $15,000.00 (inclusive of all assessable costs and interest) as to Count II of the First Amended Complaint, together with a waiver by Baker College of any and all debt that Plaintiff, NICHOLE ROLFE owes Defendant, BAKER COLLEGE.

> It is further agreed and understood that Plaintiff will appeal (and prosecute through completion) this Judgment as a matter of right, which includes any and all prior decisions of the trial court, including any damages limitation decreed by this trial court (specifically including the Order Regarding Summary Disposition and Motion in Limine, dated September 1, 2016). This Court declares that all prior

issues raised and/or resolved via prior decisions are fully preserved for appellate purposes and not waived by this final judgment.

It is also agreed and understood that if Plaintiff fails to appeal as stated above or if she fails to take any act necessary to prosecute that appeal to final adjudication, Plaintiff is ordered to tender to Baker College a Satisfaction of Judgment, signed by Plaintiff, for the full Judgment amount.

THEREFORE, IT IS HEREBY ORDERED AND ADJUDGED that a final judgment is hereby entered in favor of Plaintiff, NICHOLE ROLFE, and against Defendant, BAKER COLLEGE, in the amount of $15,000.00 (inclusive of assessable costs and interest) as to Count II of the First Amended Complaint, which sum shall be paid as follows:

(a) BAKER COLLEGE shall pay the sum of $2,250.00 to Plaintiff, NICHOLE ROLFE, within 7 days from the date of this Judgment; and

(b) BAKER COLLEGE shall pay the sum of $12,250.00 to the Simen, Figura & Parker, PLC[1] Client Trust Account where it shall remain pending further order of the Court.

IT IS ALSO ORDERED that the unpaid portion of the Judgment for $12,250.00 shall not be paid or collected upon until (1) Plaintiff's appeal is prosecuted to final adjudication; and/or (2) the trial court resolves any motion for case evaluation sanctions brought by BAKER COLLEGE following prosecution of an appeal that NICHOLE ROLFE files.

IT IS ALSO ORDERED AND ADJUDGED THAT BAKER COLLEGE hereby waives and forgives any and all debt that Plaintiff, NICHOLE ROLFE owes Defendant, BAKER COLLEGE.

The parties further agree that this Final Judgment entered as a result of rulings by the court on motions filed by Baker College after case evaluation, specifically (but not limited to) Baker College's motion for summary disposition and motions in limine concerning Plaintiff's damages.

Any request for case evaluation penalties by BAKER COLLEGE will not be sought until after a final adjudication of Plaintiff's appeal and any case evaluation sanctions ordered by the Court shall not exceed the Judgment amount of $15,000.00.

This is a final order conferring the right to appeal and closes the case.

---

[1] This law firm represented Baker College.

As alluded to previously, plaintiff appealed this final judgment. *Rolfe*, unpub op at 1-2. This Court affirmed, holding in relevant part that the trial court did not err by limiting plaintiff's damages to the costs of her nursing school education and that the damages sought by plaintiff for "lost future wages and other damages not directly tied to the expense of her nursing education" were "not recoverable under Michigan law regarding breach of contract damages." *Id*. at 1-3.

Defendant subsequently filed a motion in the trial court arguing that it was entitled to case evaluation sanctions under MCR 2.403(O) because the $15,000 case evaluation award had been rejected by plaintiff and accepted by defendant before the above described consent judgment was entered.[2] Defendant further argued that the final consent judgment provided that the judgment was entered as a result of the motions filed by defendant after case evaluation. Although defendant argued that its reasonable attorney fees subsequent to the case evaluation award were $31,678, defendant sought only $15,000 in case evaluation sanctions on the basis that the final judgment stated that case evaluation sanctions would be capped at $15,000.

Plaintiff opposed the motion, arguing first that a consent judgment was not a "judgment" for purposes of the court rule because the court did not determine the parties' respective rights and obligations. Plaintiff also argued that the consent judgment was more than 10 percent higher than the case evaluation award, and thus more favorable to plaintiff under MCR 2.403(O)(3), because it included the forgiveness of $2,792 in debt that plaintiff still owed defendant. In the alternative, plaintiff argued that the trial court could decline to impose sanctions in the interest of justice, pursuant to MCR 2.403(O)(11); plaintiff maintained that the position advanced through her prior appeal was premised on an unsettled area of law and a legal issue of first impression. Finally, plaintiff argued that defendant's current motion for case evaluation sanctions was frivolous and designed to harass, such that plaintiff was entitled to sanctions under MCR 1.109(E)(6).

The trial court granted defendant $9,500 in case evaluation sanctions. This appeal followed, with plaintiff generally challenging the propriety of awarding case evaluation sanctions and defendant challenging the trial court's decision to award less than the full amount of case evaluation sanctions requested.

## II.  CASE EVALUATION SANCTIONS

### A.  STANDARD OF REVIEW

Questions involving the interpretation of court rules are reviewed de novo. *Bint v Doe*, 274 Mich App 232, 234; 732 NW2d 156 (2007). A trial court's decision to grant or deny case evaluation sanctions is also reviewed de novo. *Harbour v Correctional Med Servs, Inc*, 266 Mich App 452, 465; 702 NW2d 671 (2005). The amount of a case evaluation sanction award is reviewed for an abuse of discretion. *Peterson v Fertel*, 283 Mich App 232, 239; 770 NW2d 47 (2009). Additionally, "because a trial court's decision whether to award costs pursuant to the 'interest of justice' provision set forth in MCR 2.403(O)(11) is discretionary, this Court reviews that decision for an abuse of discretion." *Harbour*, 266 Mich App at 465. "An abuse of discretion occurs when

---

[2] The case evaluation hearing occurred on October 19, 2016. The consent judgment was entered on August 29, 2017.

the trial court's decision is outside the range of reasonable and principled outcomes." *Peterson*, 283 Mich App at 235 (quotation marks and citation omitted).

Factual findings underlying a trial court's application of the interest-of-justice exception in MCR 2.403(O)(11) are reviewed for clear error. *Sabbagh v Hamilton Psychological Servs, PLC*, 329 Mich App 324, 364; 941 NW2d 685 (2019). "A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire record is left with a definite and firm conviction that a mistake was made." *Id*. (quotation marks and citation omitted).

Because "judgments entered pursuant to the agreement of parties are in the nature of a contract," this Court reviews de novo questions involving the interpretation of consent judgments entered by agreement. See *Neville v Neville*, 295 Mich App 460, 466; 812 NW2d 816 (2012). "In ascertaining the meaning of a contract, we give the words used in the contract their plain and ordinary meaning that would be apparent to a reader of the instrument." *Rory v Continental Ins Co*, 473 Mich 457, 464; 703 NW2d 23 (2005).

## B. ANALYSIS

Central to the issues on appeal is MCR 2.403(O),[3] which provides in relevant part:

> (1) If a party has rejected an evaluation and the action proceeds to verdict, that party must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation. . . .
>
> (2) For the purpose of this rule "verdict" includes,
>
> (a) a jury verdict,
>
> (b) a judgment by the court after a nonjury trial,
>
> (c) a judgment entered as a result of a ruling on a motion after rejection of the case evaluation.
>
> (3) For the purpose of subrule (O)(1), a verdict must be adjusted by adding to it assessable costs and interest on the amount of the verdict from the filing of the complaint to the date of the case evaluation . . . . After this adjustment, the verdict is considered more favorable to a defendant if it is more than 10 percent below the evaluation, and is considered more favorable to the plaintiff if it is more than 10 percent above the evaluation . . . .
>
> * * *
>
> (6) For the purpose of this rule, actual costs are

---

[3] None of the quoted provisions were affected by the recent amendment to this court rule. See Administrative Order No. 2019-09, ___ Mich ___ (2021).

(a) those costs taxable in any civil action, and

(b) a reasonable attorney fee based on a reasonable hourly or daily rate as determined by the trial judge for services necessitated by the rejection of the case evaluation, which may include legal services provided by attorneys representing themselves or the entity for whom they work, including the time and labor of any legal assistant as defined by MCR 2.626.

\* \* \*

(11) If the "verdict" is the result of a motion as provided by subrule (O)(2)(c), the court may, in the interest of justice, refuse to award actual costs.

Plaintiff first argues that defendant was not entitled to case evaluation sanctions because the consent judgment in this case did not constitute a "verdict" as that term is defined in MCR 2.403(O)(2). There is no dispute that the only definition of "verdict" implicated by the procedural facts of this case is MCR 2.403(O)(2)(c), which states that a verdict includes "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." Relying on our Supreme Court's decision in *Acorn Investment Co v Michigan Basic Prop Ins Ass'n*, 495 Mich 338, 354; 852 NW2d 22 (2014), plaintiff maintains that a consent judgment is not a "judgment" for purposes of MCR 2.403(O)(2)(c) because the parties' respective rights and obligations are not determined by the court under a consent judgment.

"A 'judgment' is '[a] court's final determination of the rights and obligations of the parties in a case.' " *Acorn*, 495 Mich at 351, quoting *Black's Law Dictionary* (9th ed) (alteration in original). However, our Supreme Court explained in *Acorn* that "a consent judgment is not the kind of 'judgment' required by MCR 2.403(O)(2)(c) because the court does not 'determine . . . the rights and obligations of the parties' in a consent judgment." *Acorn*, 495 Mich at 354, quoting *Black's Law Dictionary* (9th ed) (ellipsis in original). Instead, "a consent judgment is a 'settlement' or a 'contract' 'that becomes a court judgment when the judge sanctions it.' " *Acorn*, 495 Mich at 354, quoting *Black's Law Dictionary* (9th ed). This Court has also explained that "[a] consent judgment is different in nature from a judgment rendered on the merits because it is primarily the act of the parties rather than the considered judgment of the court." *Clohset v No Name Corp (On Remand)*, 302 Mich App 550, 565; 840 NW2d 375 (2013) (quotation marks and citation omitted). "Consent decrees differ from typical judgments because the voluntary nature of a consent decree is its most fundamental characteristic." *Id.* (quotation marks and citation omitted).

In this case, the final judgment was entered as a result of the parties' mutual agreement to stipulate to a consent judgment. This consent judgment provided that the parties agreed to a judgment of $15,000 in plaintiff's favor along with a waiver of any remaining debt plaintiff owed to defendant. The consent judgment indicates that both parties stipulated to its form and content. Because the final judgment in this case was a consent judgment that was the product of the parties' voluntary agreement, it did not constitute a "judgment" or "verdict" for purposes of case evaluation sanctions under MCR 2.403(O)(2)(c). *Acorn*, 495 Mich at 354; *Clohset*, 302 Mich App at 565; MCR 2.403(O)(2)(c).

Nonetheless, defendant argues that the consent judgment was still a "verdict" for purposes of MCR 2.403(O)(2)(c) despite the fact that—as defendant admits—the parties negotiated the terms of the consent judgment. Defendant argues that the consent judgment resulted from "the ruling," citing the following language in the consent judgment:

> The parties further agree that this Final Judgment entered as a result of rulings by the court on motions filed by Baker College after case evaluation, specifically (but not limited to) Baker College's motion for summary disposition and motions in limine concerning Plaintiff's damages.

However, to the extent the judgment references defendant's prior motion for summary disposition, defendant's prior motion in limine concerning damages,[4] or any other unspecified prior motion, none of these motions could have actually resulted in the judgment that was entered because the final judgment at issue expressly indicates multiple times that the terms of the judgment were mutually agreed upon by the parties. Thus, the language of the consent judgment makes it clear that the judgment and its terms were the product of the parties' *agreement* rather than a ruling by the trial court. *Rory*, 473 Mich at 464. A voluntary, mutual agreement is the very definition of a consent judgment. See *Acorn*, 495 Mich at 354; *Clohset*, 302 Mich App at 565. Where the judgment is the product of the parties' mutual agreement, it logically follows that it is not the result of a "ruling" by the trial court as required by MCR 2.403(O)(2)(c) to be considered a "verdict." See MCR 2.403(O)(2)(c); see also *Acorn*, 495 Mich at 354.

As defendant argues, the consent judgment seems to indicate that the parties agreed to preserve defendant's right to seek case evaluation sanctions. However, regardless of defendant's ability to *pursue* case evaluation sanctions, MCR 2.403(O) defines when a party is actually *entitled* to case evaluation sanctions. *Acorn*, 495 Mich at 348. Because the final judgment in this case was a consent judgment rather than a judgment resulting from a ruling on a motion, the final consent judgment did not constitute a "verdict" for purposes of MCR 2.403(O)(2)(c). *Acorn*, 495 Mich at 354. Defendant essentially suggests that the parties could mutually agree to create an additional type of "verdict" that would allow it to obtain case evaluation sanctions, although defendant cites no authority to support this position. However, "[i]n applying MCR 2.403(O)(2), this Court has consistently rejected attempts to expand or read additional meaning into the rule that is not expressly stated." *Jerico Const, Inc v Quadrants, Inc*, 257 Mich App 22, 30; 666 NW2d 310 (2003). Parties cannot create by consent judgment an additional means of satisfying the definition of "verdict" in MCR 2.403(O)(2). *Jerico*, 257 Mich App at 31 (holding that a stipulated order of dismissal was not a "verdict" for purposes of MCR 2.403(O) because "the stipulated order of

---

[4] As previously stated, with respect to the motion for summary disposition, the trial court granted summary disposition in defendant's favor on four of the five counts alleged by plaintiff and denied defendant's motion for summary disposition with respect to the remaining count for breach of the behavioral contract. That remaining count was subsequently settled by way of the consent judgment. With respect to the motion in limine, the trial court ruled that plaintiff could not seek damages for future lost wages on her remaining breach-of-contract claim and limited her potential damages to the costs actually paid toward her education.

dismissal was entered on the basis of plaintiff's and [defendant's] settlement agreement—not by any of the three methods clearly and unambiguously set forth in MCR 2.403(O)(2)").

Because the consent judgment was not a "verdict" as that term is defined in MCR 2.403(O)(2), defendant was not entitled to recover case evaluation sanctions. MCR 2.403(O)(1).[5] The trial court erred by granting case evaluation sanctions in defendant's favor.[6]

Having reached this conclusion, we need not address plaintiff's remaining arguments regarding the application of MCR 2.403(O), that the judgment was more favorable to plaintiff and that the interest-of-justice exception in MCR 2.403(11) warranted denying case evaluation sanctions. These issues are now moot. *B P 7 v Bureau of State Lottery*, 231 Mich App 356, 359; 586 NW2d 117 (1998) ("An issue is deemed moot when an event occurs that renders it impossible for a reviewing court to grant relief.").

Finally, plaintiff argues that sanctions should be imposed against defendant pursuant to MCR 1.109(E)(5)(b) and MCR 1.109(E)(6). These provisions provide:

> (5) Effect of Signature. The signature of a person filing a document, whether or not represented by an attorney, constitutes a certification by the signer that:
>
> * * *
>
> (b) to the best of his or her knowledge, information, and belief formed after reasonable inquiry, the document is well grounded in fact and is warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law; . . .
>
> * * *
>
> (6) Sanctions for Violation. If a document is signed in violation of this rule, the court, on the motion of a party or on its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the document, including reasonable attorney fees. The court may not assess punitive damages.

---

[5] Accordingly, we need not address defendant's argument that the trial court abused its discretion by not awarding the full amount requested in case evaluation sanctions.

[6] We additionally note that a party's inability to obtain case evaluation sanctions when the party agrees to settle a case by way of a consent judgment is in accord with the purpose of the case evaluation sanctions rule, which is "to encourage settlement and deter protracted litigation by placing the burden of litigation costs upon the party that required that the case proceed toward trial by rejecting the mediator's evaluation." *Peterson*, 283 Mich App at 236 (quotation marks and citation omitted).

In this case, plaintiff's sole basis for alleging that defendant should be sanctioned is that defendant did not withdraw its motion for case evaluation sanctions after plaintiff informed defendant of plaintiff's contrary position on the matter. Having reviewed defendant's arguments, we do not conclude that defendant's motion for case evaluation sanctions violated MCR 1.109(E)(5)(b). Defendant relied on language in the consent judgment that it believed brought the judgment within the rule. Although we conclude that the relevant legal authority compels an outcome contrary to defendant's position, that fact standing alone does not indicate that defendant violated MCR 1.109(E)(5)(b). "Not every error in legal analysis constitutes a frivolous position." *Jerico*, 257 Mich App at 36 (quotation marks and citation omitted). Plaintiff has not demonstrated an entitlement to sanctions under MCR 1.109(E)(6).

Reversed and remanded for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. No costs are awarded to any party. MCR 7.219.

/s/ Stephen L. Borrello
/s/ Deborah A. Servitto
/s/ Cynthia Diane Stephens