*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

HAYDER ALBAHIYA,

       Plaintiff-Appellant,

v

ERHARD MOTOR SALES OF FARMINGTON
HILLS, LLC, and JOHN DOE,[1]

       Defendants-Appellees.

UNPUBLISHED
May 25, 2023

No. 359743
Oakland Circuit Court
LC No. 2020-183139-NO

Before: RICK, P.J., and SHAPIRO and O'BRIEN, JJ.

PER CURIAM.

Plaintiff, Hayder Albahiya, appeals as of right, challenging the trial court's opinion and order granting summary disposition in favor of defendants Erhard Motor Sales of Farmington Hills, LLC ("Erhard"), and Dan Winters. For the reasons stated in this opinion, we affirm in part, reverse in part, vacate in part, and remand to the trial court for further proceedings.

## I. BACKGROUND

This case arises out of a dispute in the Erhard service department between plaintiff and Dan Winters, Erhard's service manager. Plaintiff had taken a vehicle to Erhard's facility several times due to an ongoing motor oil leakage issue. On December 6, 2019, plaintiff was in Erhard's service department to gather the service records for the vehicle and while he was there he began questioning the vehicle's oil consumption. The parties have drastically different versions of events as to what occurred next. Joy Diericks, a service advisor, testified that she informed plaintiff that he would be charged for any further testing of the vehicle and that plaintiff became argumentative, causing her to retrieve Winters to speak to plaintiff. Plaintiff testified that he engaged in a normal, calm exchange with Diericks and he did not know why she went to get Winters to talk with him. The parties have a similar disagreement as what occurred between Winters and plaintiff. That is, Winters testified that plaintiff was angry and began casting personal insults at Winters. Plaintiff,

---

[1] John Doe was identified as Dan Winters, Erhard's service manager.

on the other hand, testified that Winters was the aggressive one and was speaking inappropriately to plaintiff.

Plaintiff testified that Winters threw his paperwork on the vehicle. Winters testified that he placed the service records on plaintiff's windshield and asked him to leave the premises. According to plaintiff, after gathering his paperwork, he began entering the vehicle to leave the facility and as he grabbed the driver's door to shut it, Winters grabbed the door out of his hands and slammed it. Plaintiff testified that he did not know if his entire body was inside the vehicle so he reached up with his left hand to prevent the door from hitting him. Plaintiff testified that the door hit his hand bending his wrist and pushing it back. Winters denies slamming plaintiff's car door. Upon leaving Erhard's facility, plaintiff reported his version of events to the police.

In plaintiff's amended complaint, he asserted claims of assault and battery, negligence, gross negligence, vicarious liability against Erhard for the acts of Winters, and direct negligence against Erhard related to the hiring and supervision of Winters. After discovery, defendants moved for summary disposition pursuant to MCR 2.116(C)(8) and (C)(10). Defendants argued that there was no evidence to support plaintiff's claim that an assault or battery was committed and that the other derivative claims failed as well. Defendants argued that plaintiff's allegations, affidavit and deposition testimony were inconsistent, unsupported by evidence, and insufficient to create a material issue of fact. In response, plaintiff argued that defendants' motion required the trial court to determine plaintiff's credibility, which was an issue for the trier of fact, not the court on a motion for summary disposition. Plaintiff argued that his deposition testimony established a question of fact regarding the assault and battery claim and the other claims as well. In reply, defendants argued that plaintiff's negligence claims fail because he did not present evidence of a physical injury, pain, suffering or any other damages.

The trial court issued an opinion and order granting defendants' motion for summary disposition. The court found that plaintiff failed to demonstrate a question of fact as to the elements of a claim for assault and battery, noting the inconsistencies between plaintiff's original complaint, amended complaint and deposition testimony. Regarding plaintiff's negligence claim, the trial court stated that plaintiff "failed to provide documentary and/or medical evidence of a duty, causation, injury, or damages." The trial court concluded that the derivative claim for vicarious liability must also fail. Plaintiff filed a motion for reconsideration, which the trial court denied. The trial court later granted defendants' motion for case evaluation sanctions pursuant to MCR 2.403(O)(1), and ultimately awarded defendants $22,968 in taxable costs and attorney fees.

## II. ANALYSIS

On appeal, plaintiff first argues that the trial court's decision to grant summary disposition of the assault and battery claim was erroneous and premised on the court's impermissible credibility determination regarding plaintiff's testimony. We agree.[2]

---

[2] This Court reviews de novo a trial court's decision on a motion for summary disposition. See *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). The trial court did not specify

A battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person. It is not necessary that the touching cause an injury. Further, because an attempt to commit a battery will establish an assault, every battery necessarily includes an assault because a battery is the very consummation of the assault. While the common law did not require proof of intent, Michigan requires proving the intent to injure in order to establish an assault and battery. The intent of the defendant may be established by circumstantial evidence. [*Lakin v Rund*, 318 Mich App 127, 131; 896 NW2d 76 (2016) (quotation marks and citations omitted).]

There is no dispute that slamming a car door on a person who has not yet fully entered the vehicle is a harmful or offensive touching. The primary issues with respect to this claim are whether Winters did in fact slam the door and if so, whether he intended to commit an assault or battery. As noted, plaintiff testified that after arguing with an aggressive Winters, he got in his car and he grabbed the vehicle door to shut it, but Winters grabbed the door out of his hands and slammed it shut. Plaintiff further testified that he did not comprehend what was happening and he did not know if his entire body was inside of the vehicle so he reached up with his left hand to prevent the door from hitting him, which resulted in the door hitting his wrist and pushing it back. Plaintiff also testified that, immediately prior to this, Winters threw the service paperwork on the vehicle in anger. Viewing the evidence in a light most favorable to the nonmoving party, we conclude that plaintiff established a genuine issue of material fact whether Winters intended for the car door to strike plaintiff's body or to put plaintiff in fear of same.

In determining otherwise, the trial court noted that plaintiff relayed inconsistent facts in his complaint, amended complaint and deposition testimony. The trial court concluded that plaintiff's evidence consisted of his own self-serving[3] and inconsistent statements. The trial court's statements clearly show that it assessed plaintiff's credibility, weighed the evidence and resolved

---

under which subrule it granted summary disposition. Because the court reviewed documentary evidence in ruling on the motion, we will construe it as having been granted under MCR 2.116(C)(10). See *Cuddington v United Health Servs, Inc*, 298 Mich App 264, 270; 826 NW2d 519 (2012). Summary disposition is appropriate under MCR 2.116(C)(10) if, "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." When reviewing motions under this subrule, "[t]he court must consider the affidavits, pleadings, depositions, admissions, and other documentary evidence submitted by the parties in the light most favorable to the party opposing the motion." *Liparoto Const, Inc v Gen Shale Brick, Inc*, 284 Mich App 25, 29; 772 NW2d 801 (2009). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

[3] That plaintiff's testimony was "self-serving" is of no moment. Not surprisingly, parties to lawsuits typically offer testimony that support their case or defense. Characterizing that testimony as "self-serving" is not grounds for the court to make credibility determinations in deciding a (C)(10) motion.

any factual disputes in favor of defendants, which was inappropriate when reviewing a motion for summary disposition under MCR 2.116(C)(10).

"The trial court is not permitted to assess credibility, weigh the evidence, or resolve factual disputes, and if material evidence conflicts, it is not appropriate to grant a motion for summary disposition under MCR 2.116(C)(10)." *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 540; 965 NW2d 121 (2020) (quotation marks and citation omitted). "A party's own testimony, standing alone, can be sufficient to establish a genuine question of fact." *Jewett v Mesick Consol Sch Dist*, 332 Mich App 462, 476; 957 NW2d 377 (2020). Further, "[a] conflict in the evidence may generally only be removed from the trier of fact's consideration if it is based on testimony that is essentially impossible or is irreconcilably contradicted by unassailable and objective record evidence." *Id*.

Although plaintiff's amended complaint, deposition testimony and affidavit contained some inconsistencies regarding the events that took place in Erhard's service department on December 6, 2019,[4] plaintiff consistently stated that Winters slammed the car door on him. And defendants did not present "unassailable or objective record evidence" that "irreconcilably contradicted" plaintiff's version of events. *Id*. Therefore, the trial court erred by disregarding plaintiff's testimony in reviewing defendants' motion for summary disposition. Accepting plaintiff's testimony as true, as a reviewing court must at this stage, there exists material questions of fact precluding summary disposition of the assault and battery claim.

Plaintiff next argues that the trial court erred by granting summary disposition of his negligence claim against Winters.

"To establish a prima facie case of negligence, a plaintiff must demonstrate that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of those damages." *Jeffrey-Moise v Williamsburg Towne Houses Coop, Inc*, 336 Mich App 616, 624; 971 NW2d 716 (2021).

This is an alternative claim of liability regarding the alleged slamming of the car door. That is, plaintiff alleges that if Winters did not intentionally shut the door so as to make contact with plaintiff, Winters nonetheless had a duty to close the door in a manner that would not cause harm to plaintiff. Stated differently, Winters owed plaintiff a duty to close the door with a degree of "reasonable care that would be exercised by a person of ordinary prudence under all the existing circumstances." *Case v Consumers Power*, 463 Mich 1, 6-7; 615 NW2d 17 (2000) (quotation

---

[4] The most notable inconsistency is that the original complaint alleged that Winters slammed an office door on plaintiff. This error appears likely to have been a drafting error by counsel given that the police report made by plaintiff on the day of the incident describes the slamming of a car door, not an office door. In any event, as plaintiff argues, the trial court erred by relying on the original complaint to decide defendants' motion for summary disposition. See MCR 2.118(A)(4) ("Unless otherwise indicated, an amended pleading supersedes the former pleading.").

marks and citation omitted). For the reasons discussed, plaintiff's testimony regarding the alleged slamming of the door creates a question of fact whether that duty was breached.

Defendants argue that they are nonetheless entitled to summary disposition of this claim because plaintiff has not presented proof of damages. Plaintiff testified, however, about the pain and limitations on activities he experienced for some time because of the alleged injury to his wrist. He went to the emergency room on the date of the incident where he complained of wrist pain due to having a car door slammed on it. No pathology was noted on the x-ray, but plaintiff was advised to ice and elevate the wrist and to use an ACE bandage for compression. He was also advised to follow up with his physician.

While defendants argue that there is no objective medical evidence substantiating that plaintiff suffered an injury, they do not identify any caselaw requiring objective medical evidence to support an award of damages for pain and suffering outside the automobile negligence setting. While corroborating medical evidence would be helpful to plaintiff's claim and its absence is likely to be noted by the jury, the absence of such evidence at this point does not entitle defendants to summary disposition on liability. Accordingly, the trial court erred by dismissing this claim.

Next, plaintiff argues that the trial court erred by dismissing plaintiff's vicarious liability claims against Erhard.

"The doctrine of respondeat superior is well established in this state: An employer is generally liable for the torts its employees commit within the scope of their employment." *Hamed v Wayne Co*, 490 Mich 1, 10; 803 NW2d 237 (2011). However, "the general rule is that an employer is not liable for the torts intentionally or recklessly committed by an employee when those torts are beyond the scope of the employer's business." *Zsigo v Hurley Med Ctr*, 475 Mich 215, 221; 716 NW2d 220 (2006). Michigan recognizes three exceptions to this general rule:

> (2) A master is not subject to liability for the torts of his servants acting outside the scope of their employment, unless:
>
> (a) the master intended the conduct or the consequences, or
>
> (b) the master was negligent or reckless, or
>
> (c) the conduct violated a non-delegable duty of the master[.] [*Id*., quoting 1 Restatement Agency, 2d, § 219(2).]

The alleged assault and battery was beyond the scope of Erhard's business and none of the just-noted exceptions to the rule against imposing vicarious liability for intentional torts is present here. Accordingly, Erhard is entitled to summary disposition of the vicarious liability claim relating to the assault and battery. However, Erhard is liable for damages resulting from any negligence by Winters in closing a customer's vehicle door because this act would be within the scope of his employment. Therefore, the trial court erred by granting summary disposition of the vicarious liability claim relating to the negligence claim against Winters.

Plaintiff also argues that the trial court erred by dismissing plaintiff's direct negligence claim against Erhard.

The negligent hiring, retention, training or supervision of an employee can be a direct tort committed by the employer, distinct from an employer's vicarious liability. *Mueller v Brannigan Bros Restaurants & Taverns, LLC*, 323 Mich App 566, 572; 918 NW2d 545 (2018). Such a claim requires "actual or constructive knowledge by the employer that would make the *specific* wrongful conduct perpetrated by an employee predictable." *Id*. at 575. Plaintiff failed to allege or present any evidence that Winters was known to engage in assaultive behavior. Nor did plaintiff allege or present evidence to support the foreseeability of any assaultive behavior on Winters's part. Beyond conclusory allegations, plaintiff failed to present any evidence to survive a motion for summary disposition of the claim that Erhard was directly liable for negligent hiring and supervision of Winters. The trial court properly dismissed this claim.

Finally, plaintiff argues that we should vacate the case evaluation sanctions award.[5] At all times throughout the case evaluation process in this case, MCR 2.403(O)(1) "stated that if a party rejects a case evaluation award that was accepted by an opposing party, the rejecting party 'must pay the opposing party's actual costs unless the verdict is more favorable to the rejecting party than the case evaluation.'" *Centria Home Rehab, LLC v Philadelphia Indemnity Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2023) (Docket Nos. 359371 & 359372); slip op at 10, quoting MCR 2.403(O)(1), as amended May 1, 2019. A "verdict" included "a judgment entered as a result of a ruling on a motion after rejection of the case evaluation." MCR 2.403(O)(2)(c). Given our partial reversal of the trial court's order granting summary disposition, there is no longer a "verdict" in defendants' favor and the order awarding case evaluation sanctions is vacated. See *Centria Home Rehab, LLC*, ___ Mich App at ___; slip op at 10.

Affirmed in part, reversed in part, vacated in part and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michelle M. Rick
/s/ Douglas B. Shapiro
/s/ Colleen A. O'Brien

---

[5] We review de novo a trial court's decision to award case evaluation sanctions. *Peterson v Fertel*, 283 Mich App 232, 239; 770 NW2d 47 (2009).